## The State of Kansas v. H. A. Shafer.

FORMER CONVICTION, *Upon Plea of "Guilty," When No Bar to a Subsequent Complaint.* Two complaints were filed charging defendant with selling liquor without license to the same person at the same place, but on different days about a week apart. He pleaded guilty to the first, and was sentenced; and then plead this conviction in bar of the second prosecution. The prosecuting witness was sworn, and over defendant's objection testified that there were the two sales on the two days named in the complaints. *Held,* That, as upon the face of the complaints two separate offenses appear to be charged, and that, although the matter of exact time may be so far immaterial that under each complaint either offense might be proved, yet in consequence of the plea of guilty no testimony was in fact offered on the trial of the first complaint, proof was admissible on the trial of the second of the exact time of the two offenses; and the plea to the first will be considered as made to the offense committed on the very day named therein, and the conviction a bar to prosecution for only that offense.

### *Error from Osage District Court.*

COMPLAINT for violation of § 3 of the dramshop act. Plea, former conviction. Trial by the court, without a jury, at the October Term 1877. Finding, guilty. The defendant was sentenced to pay a fine of $100, and the costs of prosecution, and to stand committed until the same were paid — and he now brings the case here by appeal. All necessary facts are stated in the opinion, *infra.*

*James Rogers,* and *E. M. Sanford,* for appellant, contended that the court erred in not sustaining the defense of "former conviction"—and in support of their theory of the law, they cited the following authorities: *Commonwealth v. Carroll,* 15 Gray, 409; *State v. Layton,* 25 Iowa, 193; *Holt v. State,* 38 Ga. 187; *State v. Haynes,* 35 Vt.; *State v. Small,* 31 Miss. 197; *State v. Lindley,* 14 Ind. 331; *Hughes v. State,* 35 Ala. 451; *People v. Saunders,* 4 Parker (N.Y.) 196; *Rocco v. State,* 37 Miss. 357; *State v. Keogh,* 13 La. An. 243; *Wilson v. State,* 24 Conn. 57; 26 Penn. St. 513; *Price v. State,* 19 Ohio, 423; *Rex v. Sheen,* 2 Car. & P. 634; *Stevens v. Fassett,* 27 Me. 226.

*Wm. Thomson,* for The State, contended that, under the
facts of this case, the "former conviction" pleaded by appellant was no bar to this prosecution, and cited the following
authorities: 2 Hale, 179, 244; Hawk, b. 2, c. 35, § 3; *People
v. McGowan,* 17 Wend. 386; *McQuaid v. The People,* 3 Gilman; *People v. Townsend,* 3 Hill, 479; 4 Blacks. Com. 335;
3 Leach, 541; 2 Russ. 721; 9 East, 441; *Duncan v. Cone,*
6 Dana, 295; 1 Archibald, 399; 1 Bishop Cr. L., §§ 884, 885,
895, 801; *Rake v. Pope,* 7 Ala. 161; *State v. Dewitt,* 2 Hill,
(S. C.) 282; *Roberts v. State,* 14 Ga. 8; 15 Ga. 264; *People
v. Cramer,* 5 Park. 171; *Commonwealth v. Carroll,* 15 Mass.
411; 1 Park. Cr. R. 184; Thach. 206; Roscoe on Crim. Law,
198; 6 British Crown Cases, 200; *Commonwealth v. Sutherland,* 109 Mass. 342.

The opinion of the court was delivered by

BREWER, J.: Two complaints were filed, charging defendant with selling liquor without license to the same person at
the same place, but on different days — one, on August 22d,
and the other on August 27th. The complaints were in all
respects alike except in the statement of *the time* of the commission of the offense. Shafer pleaded "guilty" to the first
charge, and was fined, and then plead "former conviction"
in bar of the last complaint. The complaining witness in
the two prosecutions was sworn, and testified over the objection of the defendant, that there were the two separate sales,
one on the 22d, and the other on the 27th. Defendant was
thereupon found guilty on the second complaint, and sentenced; and from that sentence appeals to this court. And
the only question presented is, whether the conviction under
the first charge is a bar to the prosecution under the second.
The argument of the learned counsel for appellant is, substantially, that in a complaint like this the matter of exact
time is immaterial; that the offense could be proved to have
occurred on a day other than that named in the complaint;
that under a charge of a sale on the 22d, proof of a sale on

the 27th was competent, and would sustain a conviction; that a plea of guilty to a complaint, is a plea of guilty to any offense that could have been proven under such complaint, and a sentence upon such plea is a final disposition as to such charge, and a bar to any subsequent prosecution therefor; and that therefore, the conviction upon the plea of guilty, to the first complaint, was a final disposition as to any offense that could have been proved under such complaint, and a bar to any prosecution therefor. This argument is ingenious, plausible, and exceedingly well put by the learned counsel, but is not well founded. That there were two offenses, that defendant was liable to a separate prosecution and separate punishment for each, is not questioned. That upon the face of the papers two separate offenses appear to be charged, and that the ordinary construction of written instruments would make them refer to distinct transactions, is clear. A plea of guilty is an admission of guilt as to only one offense, and not as to two, or more; and we apprehend the rule to be, that where *prima facie* the two complaints charge distinct offenses, a conviction under one is no bar to a prosecution under the other, without proof *aliunde* that the same transaction is complained of in the two actions. Here no such proof was offered; and the only evidence there was, established the two offenses. But say counsel, How can it be known what testimony would have been offered in support of the first complaint? *non constat*, but that if a trial had been had upon a plea of "not guilty," the testimony might have been solely of a sale on the 27th, the very same sale of which defendant is now complained against; but that now no such testimony is possible, and we must take the charge as broad enough and as in fact covering every offense which could have been proved under it. To this, counsel for the state forcibly replies, that if this were good law the defendant would take more by a plea of guilty, than by a trial and conviction of guilt; that in the former case he would be punished for but one offense, and freed from punishment for all others of like character which were committed within two years prior to

the charge, while in the latter case, under proper allegations and proofs, he may be punished not merely for the one, but for all the others. It seems to us that if testimony outside the record be, as claimed, incompetent, then the defendant can claim his prior conviction as a bar to only the particular act specifically described, (and confessed by his plea,) and that he cannot use it as a shield to cover all similar offenses. We note the expressions referred to by counsel in many authorities, that a conviction or acquittal is a bar to subsequent prosecution, not merely for the specific offense charged, but also for all embraced in or provable under the first indictment or information. But such expressions must be construed in reference to the facts and questions presented in the cases where the expressions occur. Thus, a charge of murder includes manslaughter, and assault. Of course, an acquittal on a charge of murder is a bar to prosecution for manslaughter as to the same homicide. The latter offense was provable under the first charge. Again, some offenses, such as murder, are incapable of repetition. Again, in many of the cases the identity of the acts done was not in dispute, but merely a question as to the character of the offense. In many of these cases there are doubtless expressions accurate enough in reference to the questions therein, but which would not be appropriate to this case, and would, if used, state the law incorrectly. See on the general question here involved, the many authorities cited by the counsel for the state.

Of course, we are deciding the case presented to us by the record, wherein it is shown that the "former conviction" pleaded and relied upon as a bar to the prosecution was upon the defendants plea of "guilty" to a specific charge alleging the commission of a particular offense on a certain designated day; and what is said in this opinion is not to be taken as applying to a case where the plea of "former conviction," or "former acquittal," is based upon a judgment given upon the trial of an issue joined upon a plea of "not guilty." It will be time enough to decide that case when it comes prop-

erly before us.   In the case now before us we see no error in the ruling, and the judgment will be affirmed.

All the Justices concurring.