Rau vs. The City of Little Rock.

## RAU vs. THE CITY OF LITTLE ROCK.

1 CITY ORDINANCES: *Retrospective in part, void pro tanto.*
A city ordinance retrospective in part, is inoperative and void to that extent only, if otherwise unobjectionable.

2. CITY OFFICER: *Accepting salary under one ordinance, can not claim under another.*
Where a salary, as fixed by an ordinance, and afterwards by a resolution of the city council, is paid monthly to an officer, and he, with full knowledge of the fact, accepts the same, without protest or objection, in full satisfaction and discharge of his demand, he can not afterward object that the ordinance and resolution were void, and demand a larger salary under a previous ordinance.

3. CONTRACTS: *Extent of obligation.*
Parties to contracts are bound, only so far as they intend to be bound.

APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.
*Cohn,* for appellant.
*Johnson, contra.*

HARRISON, J. The appellant, Louis Rau, sought, by his action, to recover from the city of Little Rock the sum of $1,560.83, which he claimed as a balance due him on salary as late city clerk.

The complaint alleged that he was appointed city clerk by the city council, on the twelfth day of April, 1875, at a salary of $200 per month, and he held the office and performed its duties from that date until the thirty-first day of December, 1876, and was entitled to receive, for the time he so served, the aggregate sum of $4,120, but had received, only $2,559.17.

The city, in its answer, denied that the salary had been $200 per month, but averred that from his appointment until the tenth day of April, 1876, it was only $135 per month, and from that date $100 per month; and that the same had been fully paid him.

The facts, and as to which there was no controversy, were these: The plaintiff was appointed city clerk by the city council, on the twelfth day of April, 1875. The salary, which had been fixed by an ordinance on the first day of November, 1872, was, then, $2,400 a year, and payable monthly. On the twentieth day of May, 1875, the city council, by a general ordinance in relation to the salaries of city officers, fixed the city clerk's at $135 per month, and the salaries established by it, the ordinance declared, should be such from the fifteenth day of April, 1875.

On the tenth day of April, 1876, the salaries of the city officers were again fixed by the city council, by a *resolution*, and that of city clerk at $110 per month; and the plaintiff was the same day after the adoption of the resolution, again appointed, and he continued to hold the office until the thirty-first day of December, 1876, when he resigned.

His salary, as fixed by the ordinance of May 20, 1875, and afterwards by the resolution of April 10, 1876, was paid monthly, and he had received the whole.

The court, trying the case without a jury, found for the plaintiff the sum of $97.50, the difference between the sal-

ary as fixed by the ordinance of May 20, 1875, and as established by the ordinance of 1872, from the twelfth of April, 1875, the date of his appointment, until the first day of June thereafter, the end of the current month at the adoption of the ordinance of May 20, 1875.

It is insisted that the ordinance of May 20, 1875, being retrospective as to the salaries which had already accrued between the fifteenth day of April, 1875, and its passage, was void, not only as to such provision, but entirely so.

If, except, so far as it was retrospective, the ordinance was unobjectionable, it was inoperative and void to that extent only; so far as it was prospective, it was in no way connected with or dependent on such void part.

But it is also objected, that the city council was prohibited by its charter from making any change in the salary, either by diminishing or increasing it, during the term for which appellant was appointed; and it is further objected, that the salaries of officers could not be fixed or changed by the council in any other manner than by an ordinance read on three different days, unless two-thirds of the members of the council dispensed with the rule.

Section 86, of the charter, or act, entitled "An act for the incorporation, organization and government of municipal corporations," approved March 9, 1875, says: "The emoluments of no officer, whose election or appointment is required in this act, shall be increased or diminished during the term for which he shall have been elected or appointed;" and the same section contains the following provision: "All by-laws and ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless two-thirds of the members composing the council shall dispense with the rule."

But we do not propose to enter into a consideration of

the questions raised by these objections; the salary as fixed by the ordinance, and afterwards by the resolution, was paid the appellant monthly, and he, with full knowledge of the facts, accepted the same, without, it would seem, any protest or objection, as in full satisfaction and discharge of his demand, and such was the operation and effect of the acceptance. *2 Par. on Con., 618; 2 Chit. on Con., 1101, 1127; Birt. on Con., sec. 417; King v. New Orleans, 14 Louis. An., 389; Emrie v. Gilbert & Co., Wright (Ohio), 764; Woodburn's Adm'r v. Stout, 28 Ind., 77; Kirby v. Taylor, 6 Johns. Ch., 242; Milliken v. Brown, 1 Rawle, 391; Riley v. Kershaw, 52 Misso., 224; Palmerton v. Huxford, 4 Denio, 166.*

It does not matter whether the ordinance of May 20, 1875, was inoperative upon the appellant's salary for that year, or not; nor whether the resolution was valid, or not; it evidently was the mutual understanding of the council and the appellant that he was to receive no more than the salary intended to be so established. It is not at all likely that the council would have reappointed him, if it had been suggested or intimated by him that he claimed, or would claim, a higher salary than was so provided. Parties to contracts are bound only so far as they intend to be bound.

The judgment is affirmed.