EUREKA SPRINGS *v.* O'NEAL.

Opinion delivered June 11, 1892.

1. *Keeping a dram-shop—Former conviction.*

Since a city may lawfully provide that each day on which a dram-shop is kept without license shall constitute a separate offense, it follows that, under a valid ordinance containing such a provision, a conviction of keeping a dram-shop on a given day is no bar to a prosecution for keeping it open on a subsequent day where the proof relied upon to sustain the second charge is not the same as was adduced in support of the first.

2. *Continuous offense—Validity of municipal ordinance.*

Under section 767 of Mansf. Dig., which provides that " if a thing prohibited or rendered unlawful (by municipal by-laws or ordinance) is in its nature continuous in respect of time, the fine or penalty for allowing the continuance thereof, in violation of the by-laws or ordinance, shall not exceed $15 for each day that the same may be unlawfully continued," the offense of keeping a dram-shop without license is a continuous one ; hence a city ordinance defining that offense cannot provide that each unlawful sale shall constitute a separate violation thereof nor impose a penalty for a continuance of the offense, in excess of $15.

3. *City ordinance void in part—When valid pro tanto.*

A clause in a city ordinance which is invalid because in conflict with a statute will be treated as stricken out if separable from, and not necessary to the efficiency of, the other provisions of the ordinance.

4. *Validity of ordinance—Excessive penalty.*

A city ordinance which imposes for the continuance of an offense

a penalty in excess of the amount prescribed by sec. 767, Mansf. Dig., is not for that reason invalid, since it is also provided by sec. 768, *ib.*, that, in a prosecution under such an ordinance, judgment will be rendered for such an amount only as the act authorizes.

Appeal from Carroll Circuit Court, Western District.

EDWARD S. McDANIEL, Judge.

An ordinance of the City of Eureka Springs provides that it shall be unlawful for any person to keep a dram-shop or saloon within the city limits without first procuring a license therefor to be issued by the clerk of the city for a stated period, on the payment of a sum fixed by the ordinance. The ordinance also provides that any person violating its provisions shall be punished by a fine of twenty-five dollars for the first offense and fifty dollars for each subsequent offense, and that each sale made without a license shall constitute a separate offense. The appellee was prosecuted before the police judge on two separate informations, charging him with distinct violations of this ordinance. One of these informations charged that the defendant kept a dram-shop on the 24th day of November, 1890, and the other charged a like offense committed on the 25th day of the same month. Having been convicted on the first charge, he pleaded that conviction in bar of the prosecution on the second. But the finding of the police court was against him, and from both convictions he appealed to the circuit court. In the latter court he was again convicted on the first charge, and subsequently interposed the plea of former conviction to the second.

The issue thus formed was tried by the court, without a jury, upon an agreed statement of facts. The agreed statement shows that the defendant kept a dram-shop in the city on the 25th day of November, 1890, and and that he had no license for that month. It also shows that the conviction relied upon to sustain the defendant's

plea was obtained on proof that he kept a saloon on the 24th day of November, 1890. On these facts the court declared the law to be that the defendant could be fined but once for a violation of the ordinance committed within the period for which he should have procured a license. The finding was, therefore, for the defendant, and he was discharged. The city has appealed.

*Crump & Watkins* for appellant.

The court erred in holding that defendant could be fined but once for said offense committed within the period for which license should have been granted. Mansf. Dig. secs. 751, 765; Horr & Bemis, Municipal Ord. sec. 264; 41 Ark. 456.

The appellee *pro se.*

The ordinance is void. Mansf. Dig. sec. 751; *ib.* 767, 4519; 31 Ark. 462; 2 Bish. Cr. Law (4th ed.), sec. 1137; 12 S. W. Rep. 1015; Whart. Crim. Law (9th ed.), sec. 1508; 1 Dillon, Mun. Corp. (3d ed.), sec. 276, 342.

1. Suffi-
ciency of plea
of former con-
viction of
keeping dram-
shop.

MANSFIELD, J. The charter of the appellant city confers upon it the power to license dram-shops, and to impose a penalty for keeping them without a license. Mansf. Dig. sec. 751. And it may lawfully provide that each day on which a saloon is thus kept shall constitute a separate offense. *Siloam Springs* v. *Thompson*, 41 Ark. 456. It follows that, under a valid ordinance containing such provision, a conviction for keeping a dramshop on a given day is no bar to a prosecution for keeping it on a subsequent day, where the proof relied upon to sustain the second charge is not the same adduced in support of the first. Wharton, Cr. Pl. & Pr. secs. 472, 475. It can make no difference that both days are embraced in the period for which the defendant should have procured a license, since the penalty inflicted for the first offense applies to that only, and can afford no protection against a punishment for the second. Horr & Bemis on Municipal Ordinances, sec. 264.

The defendant, however, contends that so much of the ordinance in question here as provides a penalty for each offense after the first is void because it imposes a fine in excess of that permitted by a provision of the incorporation act, and for the additional reason that it undertakes to make each sale constitute a separate offense. The statutory provision referred to is as follows:

"If a thing prohibited or rendered unlawful is, in its nature, continuous in respect to time, the fine or penalty for allowing the continuance thereof, in violation of the * * * ordinance, shall not exceed fifteen dollars for each day the same may be unlawfully continued." Mansf. Dig. sec. 767.

The keeping of a dram-shop is a continuous thing, within the meaning of this provision. And the statute does not intend that each day on which it is unlawfully kept shall constitute more than one offense. As each day may include an indefinite number of sales, the aggregate penalty for which might exceed the maximum punishment the city has the power to inflict for that space of time, the clause of the ordinance making each sale a separate offense is inconsistent with the statute.

But as that clause is separable from the penalty of the ordinance, and is not necessary to the efficiency of the other provisions, it may be treated as stricken out. *State* v. *Marsh*, 37 Ark. 356; Horr & Bemis on Mun. Ord. sec. 139. With that clause eliminated, the ordinance may be construed as making each day on which it is violated a repetition of the offense it punishes.

3. When city ordinance is valid in part only.

The objection that by its terms it will still inflict an excessive penalty for each offense after the first is not fatal to its validity; for, by another section of the incorporation act, it is provided that if any ordinance impose a greater fine than the act permits, it shall be lawful, in any prosecution under it, to render judgment for such

4. Ordinance not valid because penalty is excessive.

23

amount only as the act authorizes. . On this view of the ordinance, we hold that the court's declaration of law was not correct, and that it was error to sustain the defendant's plea.

Reversed and remanded for a new trial.