THE PEOPLE v. JAMES GAULT.

*Intoxicating liquors—Information—Non-payment of tax—Former conviction—Bar.*

1. In a prosecution for engaging in the sale of intoxicating liquors without having paid the required tax, the respondent is sufficiently shown not to come within the provision which excepts from the penal provisions of the statute druggists "who sell liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, and *in strict compliance with law*," by an averment in the information that he is not a druggist who sells liquors for *any* of said purposes, naming them, but omitting the italicized words.

2. Under 3 How. Stat. § 2283c7, which requires the payment, by any person engaged in or intending to engage in the sale of intoxicating liquors as a beverage, of the statutory tax on or before May 1 in each year *in advance*, and 3 How. Stat. § 2283d, which provides for the punishment of any person who shall engage or be engaged in such sales without having paid said tax, the fact that a person may have been engaged in making such sales during the year preceding May 1 will not render lawful sales made by him on May 1 without having paid the tax for the ensuing year.

3. A conviction for having been engaged in the sale of intoxicating liquors on June 30 without having paid the required tax is not a bar to a prosecution for having been engaged in such sales on the 1st day of May of the same year without such payment being made, the proofs in support of the several charges being confined to June 30 and May 1, respectively.

Exceptions before judgment from Montcalm. (Davis, J.) Argued March 1, 1895. Decided April 2, 1895.

Respondent was convicted of unlawfully engaging in the liquor business. Conviction affirmed, and court advised to proceed to judgment. The facts are stated in the opinion.

*Ellsworth & Rarden,* for respondent.

*Fred A. Maynard,* Attorney General, and *Bert Hayes,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent is charged with having, on the 1st day of May, 1893, been engaged in the business of selling and offering for sale malt, brewed, and fermented liquors, without having paid the annual tax required by law, and without having the receipt and notice for said tax posted up. The information alleges that—

" Said James Gault, not being then and there a druggist who sells or then sold liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, was then and there engaged," etc.

The statute exempts from the penal provisions of the act druggists who sell liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, *and in strict compliance with law;* and it is urged that the present information is insufficient for the reason that the words " in strict compliance with law " are omitted.[1] It would seem plain enough that, if respondent was not a druggist who sold liquors for the purposes named at all, it cannot be said that he was one who sold them for the purposes named in strict compliance with law. The question is ruled by *Luton v. Circuit Judge,* 69 Mich. 610; *People v. Scott,* 90 Id. 376; and *People v. Aldrich,* 104 Id. 455.

It is next urged that the respondent could not be convicted of the offense charged for prosecuting his business on the first day of May, the record showing that he had been engaged in the business the previous year, as section 8 of the act (section 2283*d*1, 3 How. Stat.) provides that—

"Every person engaged in the sale of any spirituous, malt, brewed, fermented, or vinous liquors, except drug-

---

[1] Counsel cited *People v. Haas,* 79 Mich. 456; *People v. Decarie,* 80 Id. 578.

gists, shall, before commencing such business, and on or before the first day of May in each and every year thereafter, make, execute, and deliver to the county treasurer of the county in which he is carrying on such business a bond," etc.

It is urged that, if the respondent was privileged to furnish the bond on the 1st day of May, it cannot be inferred that the continuation of the business until the respondent should have had the opportunity to file such bond is to be deemed unlawful. But we think this question should be controlled by the provisions of section 4, providing that the person engaged in or intending to engage in the business, etc., "shall, on or before the first day of May in each year, pay to the said county treasurer, *in advance*, the taxes required by said section 1 for such business for the year commencing on said first day of May, and ending on the thirtieth day of April next thereafter;" and section 7 provides: "If any person or persons shall engage or be engaged in any business requiring the payment of a tax under section 1 of this act *without having paid in full* the tax required by this act," etc., he "shall be deemed guilty," etc. We think the sections, when read together, must be construed to mean that the advance tax must be paid before one can lawfully engage in the business, and that it was not intended that one having engaged in the business in the previous year should, in this respect, stand on a different footing than one who sought to engage in the business anew on the 1st day of May.

The most important question presented is that arising under a plea in bar interposed by the respondent. It appeared by the plea in bar that the respondent had been previously arrested and convicted of the offense of having been unlawfully engaged in the business without having paid his tax, etc., on the 30th of June, 1893; and the question presented is whether this conviction is a bar to

the present information, under which the respondent is charged with having been engaged in the business on the 1st day of May, 1893. We are disposed to hold that the former prosecution cannot be treated as a bar. The offense with which the respondent is charged was complete on the 1st day of May, 1893. Had a prosecution then been instituted for this offense, and the respondent thereafter arrested for a like offense committed on the 30th day of June, 1893, it is conceded that the prosecution for the prior offense would not constitute a bar, and we are unable to see why, in reversing the facts, the same rule does not obtain. The general rule is that, in order to bar a prosecution, it is not sufficient for the defendant to show that he has been indicted, and either acquitted or convicted, since the date of the offense now alleged against him. He must prove that the former acquittal or conviction was for the same offense now complained of. See Black, Intox. Liq. § 555; *State v. Andrews*, 27 Mo. 267; *State v. Shafer*, 20 Kan. 226; *State v. Blahut*, 48 Ark. 34. As we have said, the offense with which the respondent is charged was complete at the 1st day of May, 1893. The conviction which is pleaded in bar was one in which he pleaded guilty to an offense contained and set forth in the information, which charged him with having, on the 30th day of June, been engaged in the business of selling and keeping for sale intoxicating liquors, etc., without having paid the tax required by law. The offense is not only distinct from the charge contained in the present information, but distinct from the offense established by the proofs offered by the prosecution; and we think it should not be deemed a bar. In section 7 of the act, being section 2283*d* of Howell's Statutes, it is provided that—

"Each violation of any of the provisions of this act shall be construed to constitute a separate and complete

offense, and for each violation on the same day or on different days the person or persons offending shall be liable to the penalties and forfeitures herein provided."

It is true that, in a prosecution charging the offense as having been committed on a particular day, the proof need not be limited to that precise day, and the prior prosecution would bar a prosecution for any offense which came within the proof offered by the prosecution on the prior trial, but beyond this the rule could not be extended.

The point is made that the evidence is insufficient to show that sales were actually being made by the respondent on the day in question. But we think that there was sufficient to go to the jury upon this question, and that the charge fairly presented the issue to the jury.

The conviction will be affirmed, and the circuit judge advised to proceed to sentence.

The other Justices concurred.