BRIZZOLARA *v*. FORT SMITH.

Opinion delivered July 6, 1908.

1.  EQUITY—REMOVAL OF CLOUD—JURISDICTION.—Equity will not interfere to remove an alleged cloud upon title to land if the proceeding, judgment, decree or instrument of writing which is alleged to constitute the cloud necessarily shows upon its face that it is void. (Page 91.)

2.  SAME—MULTIPLICITY OF SUITS.—Equity, in a single suit, will take cognizance of a controversy, determine the rights of all parties and grant the relief requisite to meet the ends of justice, in order to prevent a multiplicity of suits, where a number of persons have separate and individual claims and rights of action against the same party, if there is a community of interest in the question at issue and in the remedy. (Page 91.)

3.  MUNICIPAL CORPORATIONS—POWER TO REQUIRE CONSTRUCTION OF GUTTERS. —Cities and incorporated towns have no power to compel property owners to construct or repair gutters. (Page 92.)

4.  SAME—POWER TO REQUIRE CURBING.—Cities and towns are authorized to require property owners to construct and repair the curbing as part of the sidewalk. (Page 92.)

5.  SAME—WHEN ORDINANCE PARTIALLY VALID.—Where part of an ordinance is separable from and not necessary to the efficiency of its other provisions, it will be treated as stricken out, and the remainder of the ordinance will be treated as valid. (Page 92.)

Appeal from Sebastian Chancery Court, Fort Smith District; *J. Virgil Bourland*, Chancellor; reversed.

*James Brizzolara* and *T. S. Osborne*, for appellant.

1. Appellants have the right to bring this suit. Art. 16, § 13, Constitution. Chancery has the power to inquire into municipal exactions and to enjoin their collection, and to inquire into and enjoin the enforcements of any kind of illegal burden imposed upon the citizen or his property. 34 Ark. 603; 39 Ark. 412; 33 Ark. 441; 46 Ark. 471; Kirby's Dig. § 5485; 53 Ark. 205; 52 Ark. 541; 2 Dillon, Mun. Corp., §§ 914, 915, 916; Tiedeman, Mun. Corp. § 395. Equity will take jurisdiction to avoid a multiplicity of suits. Fletcher's Eq. Pl. & Pr., §§ 25, 26, 109; Pomeroy's Eq. Jur., §§ 243, 245, 255, 269; 4 Ark. 302; 33 Ark. 633. See, also, Tiedeman, Mun. Corp., § 397, note 6; 30 Ark. 609; 19 Ark. 139; 22 Ark. 103; 24 Ark. 431; 169 U. S. 466; 101 U. S. 601. A taxpayer has an interest in any action of the municipality that tends to increase the burden

of taxation; and if the proposed action be illegal, he can sue for an injunction to restrain it. 3 Am. & Eng. Dec. in Eq., 574; 1 *Id.* 66; 1 High on Inj., § § 12, 61-63a; 1 Pomeroy on Eq. Jur., § 255; 175 Ill. 445; 43 Fed. 824.

2. Neither the act of April 8, 1903, nor of March 21, 1885, Kirby's Dig., § § 5542 and 5648, confers upon a city the power to impose fines for failure or refusal to construct curbing or guttering. The city is without power to compel curbing and guttering. The ordinance being clearly *ultra vires* and illegal and highly penal in its nature, affecting all the property owners of the city, injunction will lie. 2 Humph. (Tenn.) 428; 8 Lea, 127; 93 Tenn. 81; 26 L. R. A., 541; 101 Tenn. 182.

3. The ordinance, in so far as relates to curbing and guttering, is unconstitutional, because it is either an attempt to levy a tax in a manner not authorized by the Constitution, or an attempt to levy an assessment for local improvement, not based upon the consent of the majority in value of the property owners, and such tax or assessment is not *ad valorem.* Art. 12, § 4, Const. 1874; art. 19, § 27, *Id.;* art. 15, § 5, Const.; 32 Ark. 31; 48 Ark. 251; 31 Ark. 462; 45 Ark. 336; 71 Ark. 4; 43 Ia. 524; 67 Ala. 588; Cooley, Const. Lim. (2d Ed.), 191; 46 Mich. 565; 23 How. (U. S.), 435; 1 Dillon, Mun. Corp., (4th Ed.), § 89; 1 Abbott, Mun. Corp., 184 *et seq.;* McQuillin, Mun. Ordinances, § 48; Tiedeman, Mun. Corp., § 110.

4. Having no inherent power to levy taxes or make assessments, a municipal corporation can levy only such taxes and make only such assessments as are authorized by law. 30 Ark. 435; 1 Abbott on Mun. Corp., 678-9, 786; Tiedeman on Mun. Corp., § 256; 54 Ark. 500; 80 Pa. St., 505; 2 Mod. Law Mun. Corp., § 1229. The power to tax or assess cannot be implied from the general welfare clause. Municipal corporations have no right under the police power to tax or make assessments. Abbott on Mun. Corp., 671, note 2; 22 Am. & Eng. Enc. of L., (2d Ed.), 917; Tiedeman on Mun. Corp., § 253; 1 Mod. Law Mun. Corp., § 612.

5. Sidewalks are intended only for pedestrians, but curbing and guttering are essential parts of the roadway. 138 Mass. 555; 59 Ark. 459; Elliott on Roads and Streets (2d Ed.), § 20; 11 Kans. 384; McQuillin, Mun. Ord., § 562; 49 Ark. 204; Web-

ster's Dict. "Gutter;" 138 Cal. 364; 42 N. J. L. 510; Hamilton, Law of Special Assessments, § 251.

6. The ordinance is invalid because unreasonable in failing to provide for proper filling, ditching, etc.

*J. F. O'Melia* and *F. A. Youmans,* for appellees.

The power to compel property owners to put in curbing may be granted by the Legislature as an exercise of the police power. The act of March 21, 1885, Kirby's Dig., § 4648, was held to be a valid exercise of the police power. 49 Ark. 199. The curb was sufficiently designated by the term "sidewalk improvement." The act of April 8, 1903, Kirby's Dig. § 5542, confers "enlarged and additional powers, and in this act the gutter comes within the term "curbing improvement," just as the curb comes within the term "sidewalk improvement" used in the former act. 64 Ark. 555; 1 Green's Law Rep. (N. J.) 196; 22 Am. & Eng. Enc. of L., 922.

2. The mere failure of the ordinance to provide that the city should do the grading is not sufficient to render it void.

3. While it is true that section 5542, Kirby's Digest, referred to by appellants, does not authorize the imposition of a fine, it is authorized by section 5648; but, if there were no power to impose a fine, that would not make the whole ordinance void.

BATTLE, J. On the 16th day of October, 1906, the city council of Fort Smith, Arkansas, passed an ordinance No. 737, section one of which is as follows:

"Section 1. That section 1978 of Read & McDonough's Digest of the Ordinances of Fort Smith, Arkansas, be amended to read as follows:

"Owners or occupants compelled to build—The owners, occupants or agents of all lots or part thereof, blocks or parts thereof, in the city of Fort Smith, Arkansas, and all other real property in said city abutting on any street or streets or parks or squares in said city, shall be required and hereby compelled to build and construct permanent sidewalks and curbings and guttering, or repair the same, on all said lots and blocks or part thereof in said city and on all real property in said city not subdivided into lots and blocks according to the specifications and out of the material hereinafter prescribed."

Section 9 of the ordinance is in part as follows: "When required, said owner, occupant or agent is required to construct, rebuild or repair any foot pavement or sidewalk improvement or curbing or guttering within thirty days from and after the service of notice of the passage by the city council of any resolution requiring any such foot pavement or sidewalk improvement or curbing or guttering to be constructed, rebuilt or repaired. The notice herein required shall be given and served as follows:" etc.

Section 10 of the same ordinance is as follows:

'The said city after the expiration of thirty (30) days from the giving of the notice as aforesaid in section 2016 shall have the right to do and perform said improvement or repair, and said city shall have a lien for the costs thereof upon said property, and shall have the right to enforce the same as provided in section 5542 of Kirby's Digest of the Statutes of the State of Arkansas."

Section 11 is as follows: "Any owner, occupant or agent who fails to build, construct or repair his sidewalk improvement or curbing and guttering after thirty (30) days' notice as provided in section 2016 shall be guilty of a misdemeanor and shall be fined for each offense the sum of fifteen dollars ($15.00) and each day's delay shall be a separate offense."

On the 25th day of October, 1907, the same city council passed a resolution, in part, as follows:

"Be it resolved by the city council of the city of Fort Smith, Arkansas: That the owners, occupants and agents of owners of real property in said city adjoining the streets and portions of streets hereinafter named be and they are hereby required within thirty (30) days from and after the service upon them, respectively, of a copy of this resolution, to construct curbing and guttering along the street frontage of the lots and parts of lots and other real property owned or occupied by them respectively, adjoining said streets and portions of streets, in conformity with ordinances No. 705 and 737 of said city."

On the 17th day of December, 1907, James Brizzolara and others brought suit in the Sebastian Chancery Court for the Fort Smith District, and alleged in their complaint in part, as follows:

"Now comes said plaintiffs on behalf of themselves and on behalf of all others interested, and who may desire to become

parties herein, and for cause of action against said defendants, said mayor and aldermen representing said defendant city in their official capacity, allege:

"That said plaintiffs are citizens of the city of Fort Smith, Arkansas, and owners of real property therein; that they own property abutting on the streets and highways of said city, and are taxpayers on said real property; that said defendants are endeavoring to enforce illegal exactions and liens against these plaintiffs and against their said property, and against the inhabitants of said city, by threatening, demanding and compelling said plaintiffs to lay, build and construct in front of their said property on the streets of said city, beyond the curb line on said streets, a concrete gutter thirty inches in width as provided and required by ordinance numbered 737 of the ordinances of the city of Fort Smith, Arkansas, a true, full and complete copy of which said ordinance, including its title and caption, is hereto attached, marked "Exhibit A" and made part of this complaint; that, in aid of the enforcement of said ordinance, the city council of said city on the 25th day of October, 1907, passed and adopted a resolution, a true, full and complete copy of which resolution is hereto attached, marked "Exhibit B" and made part of this complaint.

"That said ordinance and resolution, or so much thereof as requires the property owner or the occupant of property thereby affected to lay, build and construct a concrete gutter in the street beyond the curb line in front of said property, and permitting and impowering the city, on failure of the property owner so to do, to lay, build and construct said gutter, making the expense and costs thereof a lien on said property abutting on said streets, is illegal and void.

"That said ordinance is unreasonable.

"That said city purported to pass said ordinance and resolution, not being invested with power so to do, and without any authority of law.

"That by the terms of said ordinance the owners of real estate are required and compelled to construct on the streets in front of their property a curb and gutter, and the specifications for the construction of the same are set forth in the aforesaid ordinance for guttering and curbing. It is further pro-

vided by said ordinance that the city should have the right to make said improvement, rebuild or repair the same, and should have a lien on the property of these plaintiffs for the costs thereof, the said lien being assignable and enforceable as liens upon real estate for the condemnation and sale of said real estate, for the payment of costs so paid by the city, together with interest, penalty and costs, in the manner and under the terms provided by law for the foreclosure of liens upon real property by local improvement districts, so far as applicable. It is further provided by the aforesaid ordinance that a failure to comply with the terms thereof is also made a misdemeanor, and subjects each of these complainants to a fine for each offense in the sum of $15.00, and each day's delay, after expiration of notice provided for, constitutes a separate offense. *    *    *

"That the said defendant, the city of Fort Smith, through its officers, agents and employees, has threatened and is about to attempt to proceed, and is proceeding, to construct and put in the aforesaid curbing and guttering, and thereby acquire a lien for the costs thereof and penalty and to have such purported lien enforced, together with interest, penalty and costs, against the property of each of these plaintiffs and to sell said property under such purported claim or lien. That by so doing apparently upon the face of the proceeding of said foreclosure and sale the same will apparently vest the legal title to said property in the purchaser, and will thereby cast a cloud upon the title to the real property owned respectively by these plaintiffs and of which these plaintiffs are severally seized; and that by such acts and proceedings the said defendants, without right, power or authority of law to so proceed, and, as they are in fact now proceeding to enforce the aforesaid void and illegal ordinance, are about to deprive these plaintiffs and each of these plaintiffs of their liberty and property without due process of law; and that the said defendants are about to proceed, and are in fact now proceeding, to enforce the aforesaid void and illegal ordinance.

"That if the defendants proceed, and they are now in fact proceeding, to enforce the aforesaid ordinance, such course and conduct will involve plaintiffs in a multiplicity of suits and actions, both civil and criminal.

"That when the city of Fort Smith shall have made or constructed, or caused to be made or constructed, the curbing and guttering aforesaid, the cost thereof will constitute a lien on the real property of each of these plaintiffs, and will cast a cloud upon their title to the same; and that, if said defendants are not restrained from so doing, plaintiffs will be involved in a multiplicity of suits.

"Wherefore defendants' said threatened acts aforesaid will lead to a multiplicity of suits, and cause irreparable injury to plaintiffs and to their property, by subjecting them to fines and penalties, by casting a cloud upon the title to their property, and by totally depriving them of said property." And they asked that "the defendants, and each of them, their agents, servants, and employees, be restrained and enjoined from in any way or manner enforcing or attempting to enforce or carry out any of the terms or provisions of the aforesaid void and illegal ordinance; and, on final hearing hereof, the said defendants, and each of them, their agents, servants and employees, and their successors in office, be forever enjoined from enforcing or attempting to enforce any of the terms or provisions of said illegal and void ordinance; and for other and further relief."

The defendants demurred to the complaint, and the court sustained the demurrer. The plaintiff refusing to plead further, the court dismissed the complaint; and plaintiff appealed.

A court of equity has jurisdiction to enjoin an illegal sale of land to prevent a cloud being thrown upon its title. But no cloud is or can be thrown upon the title if the proceeding, judgment, decree or instrument of writing upon which a claim is asserted is void upon its face. Neither can a proceeding threatened be a cloud if it will necessarily show on its face that it will be void. In neither of these cases will equity interfere to prevent a cloud, as none will arise. *Beardsley* v. *Hill,* 85 Ark. 4. According to this rule, it does not appear that there would necessarily be any cloud upon the title of plaintiffs if defendants should be left unrestrained in the enforcement of the ordinance.

A court of equity will, however, in a single suit, "take cognizance of a controversy, determine the rights of all parties, and grant the relief requisite to meet the ends of justice, in order to prevent a multiplicity of suits, where a number of persons have

separate and individual claims and rights of action against the same party, but all arise from the same common cause, are governed by the same legal rule, and involve similar facts, and the whole matter may be settled in one action;" there being a community of interest between them in the question at issue and in the remedy. (1 Pomeroy's Equity Jurisprudence, (3rd. Ed. § § 255, 269.) The cause of appellants come within this rule.

Incorporated towns and cities have no power to compel property owners to construct gutters. The laws of this State give them none; and they have no power except that given them. *Morrilton Waterworks Improvement Dist.* v. *Earl,* 71 Ark. 4; *Tuck* v. *Waldron,* 31 Ark. 462, 465.

Appellants say: "Said ordinance is further invalid because it is unreasonable in failing to provide for proper filling, ditchings, excavating and grading before requiring said curbings and guttering to be placed." But this does not affect the ordinance. In such failure it does not require property owners to do such work. *Little Rock* v. *Fitzgerald,* 59 Ark. 494.

Again appellants say: "This ordinance is further unconstitutional as it makes it a misdemeanor for any owner, occupant or agent, who fails to build, construct, or repair his curbing and guttering after thirty days' notice, * * * * and punishes by fine for each offense in the sum of $15.00, and each day's delay is made a separate offense. The act of April 8, 1903, does not authorize this." But sections 5462 and 5466 of Kirby's Digest do.

So much of the ordinance in question as requires property owners to construct guttering and repair the same is invalid. But, as it is "separable from, and not necessary to the efficiency of, the other provisions of the ordinance," it will be treated as stricken out, and for the present and until it otherwise appears, the remainder of the ordinance will be treated as valid. *Rau* v. *Little Rock,* 34 Ark. 303; *Eureka Springs* v. *O'Neal,* 56 Ark. 350.

In this opinion we have treated the curbing as a part of the sidewalk. It is made for the protection and good appearance of the sidewalk, and is more appropriately a part of it than any other part of the street.

Judgment reversed and cause remanded with directions to the court to overrule the demurrer and for further proceedings.

HILL, C. J., did not participate.