CHARLES J. FREED, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed October 18, 1930.

*Price, Price & Kassewitz,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

PER CURIAM.—In this case the defendant was convicted under an information charging him with the violation of Section 5499, Rev. Gen. Stats., 7657 Comp Gen. Laws, the specific charge being:

> "That the said Charlie Freed of the County of Dade and State of Florida, on the 4th day of April, in the year of our Lord one thousand nine hundred and twenty-nine, in the County and State aforesaid, did then and there unlawfully and feloniously have, keep exercise and maintain a room located in a certain place known as the Ambassador Club, located at No. 3400 Northwest 27th Avenue, City of Miami, Dade County, Florida, for the purpose of gaming and gambling for money and other thing of value, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

The plaintiff in error contends that the judgment should be reversed because of a variance between the allegata and probata in that the record shows that the room was in a house leased by a person other than the accused and because the proof failed to show that the accused was in possession of control of the room.

We find from an inspection of the transcript of the record that the witness who is alleged to have made the arrest of the accused in the room referred to in the infor-

mation stated as a witness that when he made the arrest the following conversation occurred:

"Charlie asked me what it was all about. He says, 'Are you going to take us all down?' and I replied and told him that I was not in charge of the raid and it would be up to the man who was in charge of the raid. Venno was in charge of the raid and was in the room along with other deputy sheriffs, and. we were all in there, and it was up to the man in charge as to what he saw fit to do. I went ahead and helped take down this gambling paraphernalia, get it ready to move, and Charlie says to me, says, 'Well, it's my stuff. There is no use in snagging everybody.' He says, 'I am responsible for it myself,' and he turned and walked on off. I says, 'You will have to talk with the other man; he is in charge,' and he turned and walked on over to where the other deputies were and I went ahead and helped him take the stuff down to get it ready to move."

The defendant denied this statement attributed to him by this witness. Again, the witness, Venno, testified that at the time the raid was made which culminated in the information against the accused, the accused was present in the room where paraphernalia such as roulette wheel, crap tables, poker tables and poker chips were in evidence and where some ten or fifteen persons were congregated and were seen putting money into their pockets as the officers entered· the room, the accused told him, Venno, that he, the accused, was the owner and operator of the room. This was substantial evidence to support the verdict and if taken with the circumstantial evidence the jury believed this statement to be true they were warranted in returning the verdict as recorded.

The further contention is made that evidence introduced in regard to other raids made at the same place at different times and at which the accused was present was inadmissible and was erroneously admitted over the objection of the defendant. The cases of Suarez v. State, 95 Fla. 42, 115 So. R. 519, and of Boyett v. State, 95 Fla. 597, 116 So. R. 476, are relied upon to support this contention.

Each of these cases are properly differentiated from the case at bar. The case of Suarez v. State involved the larceny of an automobile. The case of Boyett v. State involved the breaking and entering of a store building. Neither of the offenses involved in those cases constituted what is known as a continuing offense, while the charge here under consideration may be committed by a single act or it may be committed by successive acts of the same character extending over a period of time not exceeding the statute of limitations.

It, therefore, follows that although the information charged the specific act to have been committed on the 4th day of April, evidence tending to show that the accused had, shortly prior to the date alleged, been engaged in keeping and maintaining the identical room for the purpose of gaming and gambling was properly admissible unless the record showed that the defendant had either been convicted or acquitted upon a charge involving the other alleged operations.

We find no reversible error disclosed in the record; therefore, the judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.