STATE OF DELAWARE v. JAMES J. WILLIAMS and JOHN J. MEZZATESTA.

(*August* 29, 1962.)

CAREY, J., sitting.

*E. Norman Veasey*, Deputy Attorney-General, for the State.

*John M. Bader* (of Bader and Biggs) for defendants.

Superior Court for New Castle County, Nos. 326, 328, 329, 330, 331, 332, 333, Criminal Actions, 1958.

CAREY, J.:

The defendants are charged in several informations with violation of the lottery laws, Title 11 *Del. C.* § 662. The matter now before the Court is a motion to dismiss under the theory of double jeopardy.

For several successive days, police officers watched defendants' premises. As a result of information thus obtained, a search warrant was secured and their apartments were entered on March 7th, 1958. The officers discovered the defendants performing certain acts in furtherance of policy writing, and found and seized a large number of lottery slips and money. The defendants were tried and found guilty under Sec. 662 of "being concerned in interest" in policy writing as of March 7th, 1958, and the conviction was upheld by our Supreme Court, Del., 166 A. 2d 433. The State now proposes to try the defendants upon other informations charging the same offense on each of the several preceding days during which the officers conducted their surveillance. The State concedes that the evidence which it would present on these charges is exactly the same as was presented at the former trial.

The State's theory is that each day's activities constituted a separate offense. The defendants contend that there was but one offense continuing throughout the whole period

and that the former conviction bars further prosecution for the days prior to March 7th.

Our statute makes it a misdemeanor to be:

"* * * concerned in interest in lottery policy writing, or in selling or disposing of any lottery policy or certificate, or number or numbers or anything by which such person or any other person or persons promise or guarantee that any particular number or numbers, character, ticket or certificate, shall in the event or on the happening of any contingency in the nature of a lottery, entitle the purchaser or holder to receive money or property or evidence of debt".

■■ The test of double jeopardy laid down in *State v Simmons*, 9 Terry 166, 99 A. 2d 401, is "whether the facts required to convict on the second prosecution would necessarily have convicted on the first prosecution". The present situation seems to meet that test. Precisely the same evidence will be used by the State if these charges go to trial. The only difference in the various informations is in the dates, which are the several days immediately preceding March 7, 1958.

From another angle, defendants' position is seen to be well taken. Under the evidence, these defendants were carrying on this business daily for at least a week prior to March 7th. The proof is not based upon a showing of an interest in single, individual, isolated sales, unconnected with one another and separated by significant intervals of time. Their offense was a continuing one. There is no more justification in breaking it up into separate days and calling each day a separate offense than there would be in designating their interest in each policy slip as an individual offense.

No case has been found precisely "on all fours". We find instances where a statute expressly makes a given act a separate offense for each day it is carried on (for example, *Eureka Springs v. O'Neal*, 56 Ark. 350, 19 S. W. 969), or makes each

transaction a separate offense (for example, *People v. Gault*, 104 Mich. 575, 62 N. W. 724). There is no such provision in our statutes applicable to Sec. 662. Doubtless a person could be found guilty under this act where the proofs simply show his interest in a single sale of lottery slips, or in individual isolated sales made at appreciable intervals. Here, however, the situation is analogous, as far as its continuing nature is concerned, to a charge of practicing dentistry without a license, or keeping a house of ill-fame, or maintaining a room for gambling purposes, or acting as agent for an unregistered corporation. These acts have been held to be continuing offenses when carried on illegally over a period of time. *Wilson v. Commonwealth*, 119 Ky. 769, 82 S. W. 427; *People v. Cox*, 107 Mich. 435, 65 N. W. 283; *Freed v. State*, 100 Fla. 900, 130 So. 459; *Ellingham v. State*, 163 Md. 278, 162 A. 709.

In arguing against this conclusion, counsel for the State expresses the apprehension that one result will be that a defendant can, with impunity, continue to operate this illicit business after his arrest. This fear is unfounded because the rule barring two prosecutions of a continuing crime applies only to a subsequent prosecution for an act committed previous to the institution of the first prosecution. A continuation of the offense after commencement of a prosecution is held to be a new violation. See 22 *C. J. S.* Criminal Law § 281, p. 731, and cases cited therein.

For the foregoing reasons, defendants' motion will be granted.