(No. 5523.   July 8, 1930.)

STATE, Respondent, v. BENJAMIN McKEEHAN, Appellant.

[289  Pac.  993.]

A. L. Morgan and F. C. Keane, for Appellant.

W. D. Gillis, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

McNAUGHTON, J.—This is an appeal from a judgment of conviction of the crime of unlawful sale of intoxicating liquor. It is here on second appeal. The opinion on the former appeal is reported at 48 Ida. 112, 279 Pac. 616.

There are six specifications of error, but only two are relied upon and discussed in appellant's briefs.

The information in this case was filed in the probate court on the twenty-third day of November, 1928. It charges the defendant with the unlawful sale of intoxicating liquor. This is an indictable misdemeanor.

On this information the defendant was held to answer in the district court.

On the 15th of December, 1928, a criminal complaint was filed in the probate court charging defendant with the crime of unlawful possession of intoxicating liquor. This complaint was dismissed on motion of the prosecuting attorney on the twenty-fifth day of February, 1929.

The defendant pleaded former acquittal in defense of the action at bar. In behalf of this plea defendant offered proof that the identical two pints of moonshine relied upon in the case at bar constituted the sole evidence upon which the possession complaint was filed.

The trial court instructed the jury that if the offense charged in the complaint which was dismissed was a lesser and different offense than that for which the defendant was on trial then the plea of former acquittal would not be a bar. The court then charged the jury that unlawful possession of intoxicating liquor, under the laws of Idaho, was a lesser offense than unlawful sale of intoxicating liquor. The jury also found against the defendant on the plea of acquittal.

Appellant claims the court erred in giving the foregoing instruction; that the plea was good, and the jury should have been so instructed, provided they found the state relied upon the same identical liquor as the foundation or *corpus* of each case made by the pleadings. The defense is a novel one but we think without merit. It goes upon this theory: C. S., sec. 9181, provides:

"An order for the dismissal of the action, as provided in this article, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony."

■ The article refers to dismissals on motion of the prosecuting attorney as well as upon motion of defendant.

■■ It is argued by the defendant that this dismissal is tantamount to an acquittal of the acts upon which the complaint is founded. We find no authority or reason for holding the dismissal goes that far. It is not equivalent to a dismissal after trial. The statute provides dismissal is a bar to another prosecution for the same offense. Nothing more. As we view the law, such a dismissal does not amount to an acquittal of defendant of the acts complained of. It is therefore not a bar to the prosecution of a higher offense which may necessarily include the acts complained of as a basis of the action dismissed, because it does not amount to an acquittal, or even former jeopardy. The state, in prosecuting this action and dismissing the other, simply elected to proceed on the more serious charge. This court in the case of *State v. Gutke*, 25 Ida. 737, 139 Pac. 346, 347, supports this reasoning in the following statement:

"The State had a clear right to make its election as to which offense it would prosecute the defendant for committing, but when the facts of the transaction were once submitted to a jury under a charge that they were a violation of a penal statute of this state, and the jury returned a verdict thereon, it was clearly the intention of the legislature by the provisions of section 7230 (now C. S., sec. 8602) to forbid and prohibit any further prosecution *for the commission of that particular act.*"

■ The second point urged by defendant is that the court erred in giving the twelfth instruction as follows:

"If an officer of the law has reason to believe that the law is being violated, he may proceed to ascertain whether those who are thought to be doing so, are actually committing a crime; and if the officers act in good faith, and in the honest belief that the defendant is engaged in an unlawful business, and the purpose of the entrapment is not to induce an innocent man to commit a crime, but to secure evidence upon which a guilty man can be brought to justice, the defense is without merit.

"The question of whether an officer acts in good faith, and in the honest belief that the defendant was thus engaged in an unlawful business, or as to whether or not the purpose of the entrapment was to thus induce an innocent man to commit the offense, or whether it was to secure evidence upon which a guilty man might be brought to justice, is a question of fact for you, gentlemen of the jury, to determine from all the facts and circumstances as you find them shown by the evidence."

This instruction followed instructions ten and eleven, requested by defendant. The instruction complained of is almost identical with observations of the circuit court of appeals of the second circuit, in the case of *United States v. Reisenweber,* 288 Fed. 520. In view of the instructions given at the request of the defendant, and construed in connection with them, we do not think this instruction was erroneous.

The doctrine of entrapment is largely governed by the motives of the law enforcement officer concerned. Its purpose is to protect honest men from any improper motives of such officers, not to simply make it difficult to apprehend and punish law violators.

The judgment is affirmed.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.