In the Matter of ABRAHAM ABRAMOWITZ, Petitioner, against FRANCIS A. BYRNE, as Deputy Commissioner of the Department of Housing and Buildings of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, July 6, 1945.

*Abraham Abramowitz,* petitioner in person.

*Ignatius M. Wilkinson, Corporation Counsel (Sidney B. Schatkin* of counsel), for respondent.

COLDEN, J. Application for an order under article 78 of the Civil Practice Act restraining and enjoining the respondent from criminally prosecuting the petitioner for alleged violations of the Multiple Dwelling Law. The petitioner was convicted on May 16, 1945, before the Court of Special Sessions of the City of New York on a charge of violating section 2040 of the Penal Law and presently awaits sentence under that conviction. Under date of June 8, 1945, the petitioner was notified by the respondent Deputy Commissioner Byrne of the Division of Housing to appear before the Division of Housing to show cause why a prosecution should not be commenced against him for violation of the Multiple Dwelling Law in the same premises in which his conviction was had under section 2040 of the Penal Law (failure to furnish heat on March 5, 1945). The alleged violations set forth in the notice of June 8, 1945, have to do with repairs to broken plaster, cleaning and painting walls, repairs to plumbing, abating the nuisance of vermin, furnishing adequate water supply, cleansing and disinfecting the premises and the removal of rubbish, paper and filth. These alleged violations continue at this time and bear no relation to the charge upon which the defendant was convicted. He presses this application upon the theory that he is being subjected to double jeopardy because, so he asserts, the Court of Special Sessions permitted a witness to testify generally as to the condition of the premises and hence he may not now be prosecuted for any violations which were made known at the trial. The obvious answer is of course that he was convicted upon the lack of heat charge only, and that none of the alleged violations set forth in the notice of June 8, 1945, was included in the information upon which the petitioner was convicted. A further pertinent objection to this application is that each day that the violation continues constitutes the basis for a separate prosecution and consequently a landlord is liable to successive prosecutions for the same offense for each day that the violations continue. It would be a novel interpretation of

the Multiple Dwelling Law for this or any court to hold that one conviction thereunder gave permanent immunity to the offender who continued the violation after his conviction therefor. The application is denied. Submit order.