335 P.2d 887

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert F. BARTER, Defendant-Appellant.**

No. 8638.

Supreme Court of Idaho.

Feb. 17, 1959.

Frank L. Benson, Atty. Gen., Anton
Hohler, B. James Koehler, Jr., Asst. Attys.
Gen., for respondent.

Murphy & Schwartz, Shoshone, for ap-
pellant.

PORTER, Chief Justice.

Appellant, Robert F. Barter, is a medical
doctor. At the time in question in this cause
he lived in Shoshone and maintained offices
both in Shoshone and in Mackey, Idaho.
He divided his time between the two offices
which were 110 miles apart. On April 26,
1956, at about 12:30 p. m. appellant left

Shoshone in his Cadillac automobile with his secretary to drive to Mackey. He followed State Highway 26 to Richfield where he stopped for a few minutes and then proceeded on along such highway in the direction of Mackey.

Thomas W. Conner, Sheriff of Lincoln County, and Willard Baker, a state patrolman, met at the car of the sheriff in Shoshone by prearrangement and followed appellant. They saw appellant's car stop in Richfield and saw it for a distance of about six miles out of Richfield. They were not able to keep up with appellant's car although they traveled at high speed sometimes reaching a speed of over 100 miles per hour. They again came in sight of appellant's car at Carey. They stopped appellant about one mile north of Carey. They had followed appellant's automobile for about forty miles. Baker gave appellant a traffic citation charging him with the offense of reckless driving occurring North of Carey and requiring him to appear in the Justice Court of Carey Precinct of Blaine County. On April 28, appellant appeared in such justice court and denied the charge.

A complaint signed by Patrolman Baker was filed in the Probate Court of Blaine County on April 30, 1956, charging appellant with the offense of reckless driving occurring on April 26, 1956, on the stretch of Highway 26 extending both north of Carey and south of Carey. Appellant moved to dismiss the complaint filed in the probate court on the ground that the Justice Court of Carey Precinct had already acquired jurisdiction of the alleged offense. After a hearing on the motion to dismiss, the probate court on May 17, 1956, entered an order dismissing such complaint, and reading in part as follows:

"Now Therefore, It Is Hereby Ordered that this court is without jurisdiction to entertain complaint in this matter, as a traffic citation has heretofore been issued for said defendant to appear before the Justice of the Peace for Carey Precinct, Blaine County, Idaho, and said defendant having so appeared pursuant to said traffic citation, said justice of the peace assumed jurisdiction of said matter and that this court is without jurisdiction to hear said matter."

On May 17, 1956, after such dismissal, a new complaint was filed in the Probate Court of Blaine County charging appellant with the same offense of reckless driving but eliminating reference to the highway north of Carey and describing the highway where the offense was alleged to have been committed as Highway 26 extending south of Carey. Appellant, against this complaint, filed a motion to dismiss the same on the ground that the court was without jurisdiction to entertain such complaint. The motion to dismiss was denied by the court and the case went to trial. Appellant was found guilty of the offense of reckless driving.

Appellant appealed from the judgment of conviction entered in the probate court to the District Court in and for Blaine County. In the district court he again presented his motion to dismiss on the ground of lack of jurisdiction. His motion to dismiss was again denied by the district court. Appellant was again found guilty of reckless driving and a judgment of conviction entered against him. His motion for new trial was denied. From the judgment and from the order denying the motion for new trial, he has appealed to this court.

On this appeal, among other allegations of error, appellant urges that the court erred in not granting the motion to dismiss the action on the ground of lack of jurisdiction "for two reasons, the first being that the Justice Court of Blaine County, Carey Precinct, had taken jurisdiction of the case and retained jurisdiction of the case until it was finally determined * * * and the second being that an order of dismissal is a final order and a bar to any other prosecution as to the same offense if it is a misdemeanor."

Appellant contends that the Justice Court of Carey Precinct in Blaine County and the Probate Court of Blaine County had concurrent jurisdiction of the offense charged (§§ 1–1406 and 1–1202, I.C.); that the justice court having first asserted jurisdiction, was entitled to retain the same; and when the case was started in the probate court

and the attention of the court was called to the pending case in the justice court, it was the duty of the probate court to dismiss the complaint. Appellant cites in this connection, State v. Raaf, 16 Idaho 411, on page 417, 101 P. 747, on page 750, where it is said:

"It is equally well settled that, where two courts have concurrent jurisdiction of a case, the one first acquiring jurisdiction retains that jurisdiction until the case is finally determined. If, while such case is pending another court of co-ordinate jurisdiction is resorted to for the prosecution of the same case, the latter court will dismiss the action as soon as the fact is properly called to the attention of the court that the case is already pending in another court of co-ordinate jurisdiction."

In this case the order of dismissal entered in the probate court stands not directly challenged and it is unnecessary for us to determine whether such order was predicated on proper grounds; or whether the justice court under a traffic citation acquired jurisdiction or whether jurisdiction could not be acquired until a complaint was filed.

The second complaint filed in the Probate Court of Blaine County charges the alleged offense to have occurred south of Carey while the traffic citation charged an offense alleged to have occurred north of Carey. The traffic citation and the second

complaint in the probate court charged different offenses and the prosecution of the one would not be a bar to the prosecution of the other.

Appellant contends that the offenses charged in the first complaint filed in the probate court on April 30, 1956, and in the second complaint filed on May 17, 1956, were the same offense and that the dismissal of the first complaint constituted a bar to the maintenance of the second complaint.

Section 19–3504, I.C., reads as follows:

"The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes."

Section 19–3506, I.C., is as follows:

"An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony."

 The probate court set forth the reasons for its judgment of dismissal as required by § 19–3504, I.C. The offense of reckless driving is a misdemeanor and the dismissal of the action started April 30, 1956, would be a bar to any other prosecution for the same offense. State v. Mc-Keehan, 49 Idaho 531, 289 P. 993. The question for determination is whether the two complaints charge the same offense. On page 10 of its brief, respondent says:

"If the Justice Court had acquired jurisdiction by means of the traffic citation, of course the Probate Court acted properly in dismissing the action. And if the offense committed on the south side of town can be considered the same as the one north of town, it might be argued that the second complaint should have been dismissed."

 The two complaints filed in the probate court charge the identical offense and are based on the same acts. The only difference is that the alleged location of the offense charged in the first complaint extended both north and south of Carey while in the second complaint the location of the offense is charged as being south of Carey. The location charged in the first complaint includes the location alleged in the second complaint. A conviction or acquittal of the offense charged in the first complaint would be a bar to a prosecution under the second complaint. Likewise, the offense charged in the second complaint is included in the dismissal of the offense charged in the first complaint. We conclude that the judgment of dismissal of the first complaint is by virtue of § 19–3506, I.C., a bar to the maintenance of a prosecution upon the second complaint, and that the district court was

in error in denying the motion of appellant for a dismissal of the action.

By virtue of our foregoing holding, it is unnecessary to discuss and determine the other assignments of error contained in appellant's brief. The judgment of conviction is reversed and the cause remanded to the trial court with instruction to vacate the judgment and dismiss the action.

TAYLOR, SMITH and KNUDSON, JJ., and BELLWOOD, D. J., concur.

McQUADE, J., not participating.