729 P.2d 433

**STATE of Idaho, Plaintiff-Appellant,**

**v.**

**BARLOW'S, INC., Defendant-Respondent.**

**No. 16016.**

Court of Appeals of Idaho.

Dec. 3, 1986.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Ronald J. Jarman, Pocatello, for defendant-respondent.

WALTERS, Chief Judge.

This is an appeal by the state from an order of the district court which reversed a judgment of conviction entered in the mag-

istrate division against Barlow's, Inc., an electrical contractor. Barlow's was cited for violation of a Pocatello ordinance adopting the National Electrical Code. A jury found Barlow's guilty of two misdemeanor offenses, namely, installing electrical improvements not conforming to code standards and making an electrical installation without obtaining a permit from the city. On appeal by Barlow's to the district court, the convictions were reversed. The district court held that prosecution was barred by a previous dismissal of similar charges.

The state raises two issues on appeal from the district court's dismissal order: (1) Does I.C. § 19–3506[1] bar prosecution for a continuing violation of a misdemeanor law where the prosecutor has twice voluntarily dismissed prior charges of violating the same law? (2) If not, does the constitutional guarantee of procedural due process bar such prosecution? We conclude that the prosecution was not constitutionally barred. However, we interpret the city's ordinance as providing for only a single offense for failure to obtain a permit for a particular installation, while defining as a separate offense the continuing failure to correct a faulty installation. Therefore, we affirm the district court's ruling in part, and reverse the dismissal and affirm the convictions, in part.

Barlow's was cited on December 15, 1983, for installing non-code electrical improvements and failing to obtain a permit, on November 25, 1983. These charges were dismissed "in the interest of justice" on December 23, 1983, at the request of the city attorney. Five days later, Barlow's was again cited for the same offenses. Apparently realizing that these new charges were barred by I.C. § 19–3506, the city moved to dismiss the second set of charges. On January 19, 1984, citations were issued charging Barlow's with making an electrical installation on January 17, 1984, at the same address as alleged in the previous charges. Again the city alleged Barlow's

1. I.C. § 19–3506 reads *"Effect of dismissal as bar.—*An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony." *See also* I.C.R. 48(c).

had made an electrical installation without obtaining a permit and which did not comply with the city's electrical code. However, this time the city also cited Barlow's for "allowing the same to continue."

Barlow's moved to dismiss the January 19 charges, arguing that under I.C. § 19–3506 the prior dismissals acted as a bar. The magistrate denied the motion and a jury trial was held. Barlow's was convicted and was fined $300 on each of the charges. On appeal, the district court set aside the convictions and dismissed the third set of citations with prejudice. The district court found that the failure to obtain a permit is an offense requiring only one act. Thus upon dismissing charges relating to the original act, the district court reasoned, prosecution for failure to obtain a permit on subsequent occasions would be barred. The district court held that the city had failed to obtain convictions on the initial violation and was thus barred by constitutional due process guarantees and by I.C. § 19–3506 from further prosecution. We do not agree.

The appeal from denial of its dismissal motion was taken by Barlow's to the district court on a matter of law. The state has similarly appealed to this Court. Therefore, the record of proceedings at trial has not been provided to us. On appeal from a ruling on a matter of law we exercise free review.

The ordinance under which Barlow's was charged provides:

It is unlawful for any person, firm or corporation engaged in electrical work to install any electric wiring, fixtures, appliances or apparatus in or on any building, unless and until a permit for such work has been secured from the city building department as provided in this chapter.

Further, all installations are to conform to the National Electrical Code as adopted by the city. The ordinance's violations and penalties section provides:

It is unlawful for any person, firm or corporation to install or revise any electrical wiring, fixtures, appliance or apparatus in or on any building or structure in the city, or cause the same to be done, contrary to or in violation of any of the provisions of this chapter. Any person, firm or corporation violating any of the provisions of this chapter shall be deemed guilty of a misdemeanor and *each such person shall be deemed guilty of a separate offense for each and every day or portion thereof during which any violation of any of the provisions of this chapter is committed, continued or permitted.* [Emphasis added.]

■ Following an order of dismissal, I.C. § 19–3506 bars any subsequent misdemeanor prosecution for the *same offense.* *State v. Barter,* 80 Idaho 552, 335 P.2d 887 (1959). Unlike the constitutional double jeopardy clauses, this statute does not require that the defendant actually be placed in jeopardy before the immunity attaches. *See generally* 21 AM.JUR.2d, *Criminal Law* § 258–262 (1981). A bare charge and dismissal is sufficient to act as a bar. Section 19–3506 applies to voluntary dismissals on the prosecutor's motion as well as dismissals on motion by the defendant. *State v. McKeehan,* 49 Idaho 531, 289 P. 993 (1930). In order for a dismissal to act as a bar, it must be valid and final. *State v. Swartz,* 109 Idaho 1033, 712 P.2d 734 (Ct. App.1985). Whether I.C. § 19–3506 is applicable depends upon a finding by the court that a subsequent charge is for the "same offense" as the previously dismissed charge. Although immunity attaches more readily than does double jeopardy protection, comparable tests of "offense identity" are applicable. Like the double jeopardy clauses, I.C. § 19–3506 is intended to protect individuals against repeated charges and trials for the same offense. *Cf. State v. Sharp,* 104 Idaho 691, 662 P.2d 1135 (1983) (on double jeopardy purpose).

■ The analysis of whether a subsequent charge involves the "same offense" as a previously dismissed charge generally applies a "same evidence" or a "same transaction" test. *See generally* C. WHITEHEAD, CRIMINAL PROCEDURE: AN ANALYSIS OF CONSTITUTIONAL CASES AND CONCEPTS § 24.04 (1980).

The first approach focuses on whether the same evidence is required to support a conviction for each offense charged. The "same transaction" test focuses upon the behavior of the defendant that led to the prosecution. However, Idaho's double jeopardy statute, I.C. § 18–301, enlarges the scope of double jeopardy in that it prohibits double punishment for the same act or omission and is not limited to the same offense. *State v. Werneth*, 101 Idaho 241, 611 P.2d 1026 (1980). Thus few Idaho cases have focused on the "same offense" phrase of the statute at issue. Therefore, we look to other jurisdictions for guidance in interpreting this phrase.

■ A continuing offense is a continuous, unlawful act or series of acts set in motion by a single impulse and operated by unintermittent force. *United States v. Midstate Horticultural Co., Pa.*, 306 U.S. 161, 59 S.Ct. 412, 83 L.Ed. 563 (1939); *State v. Williams*, 211 Neb. 650, 319 N.W.2d 748 (1982); *State v. Johnson*, 212 N.C. 566, 194 S.E. 319 (1937). Barlow's argues that both failure to obtain a permit and a non-code installation are either single-event offenses or continuing offenses subject to only one prosecution. We concur with respect to failure to obtain a permit, but are not persuaded with respect to failure to correct the faulty installation.

Barlow's alleges that the evidence presented at trial showed that its only offenses on January 19 were continued failure to obtain a permit or to remove the improvement and that, in fact, an installation only on the formerly charged date was proven. Although the trial record is not before us, state's counsel at oral argument also suggested that only omissions on January 19 were properly being charged in the third set of citations and that the alleged act of installation occurred on an earlier date. Assuming that no new act of electrical installation occurred on the latter date, we find a significant distinction between the omissions charged.

■ Our reading of the city's ordinance suggests that failure to obtain a permit is a single-event offense. The ordinance provides that "to install" electric improvements "unless and until a permit for such work has been secured" is a misdemeanor. Failure to secure a permit following complete installation is not addressed. Because failure to obtain a permit is a single-event offense, and because this charge previously had been dismissed, the city was barred by I.C. § 19–3506 from renewing the charge with respect to the same installation.[2] Therefore, we affirm the district court's ruling with respect to this offense.

However, we find the offense of failing to correct or remove a non-code installation to be a continuing offense. The city's ordinance requires that:

> All installations in the city, of wires and equipment to convey electric current and installations of apparatus to be operated by such current, except as provided in this chapter, shall be in conformity with the National Electrical Code....

We interpret this section as requiring that the improvement conform to the Code standards. So long as the nonconforming improvement remains in place, a continuing offense is in progress.

■ Ordinarily a continuing offense would constitute a single offense for purposes of our statute. A prosecution for a continuing offense is a bar to subsequent prosecution for the same offense charged to have been committed at any time prior to the initiation of the first prosecution. *State v. Williams*, 184 A.2d 618 (Del.Super. Ct.1962); *Ostendorf v. State*, 8 Okl.Cr. 360, 128 P. 143 (1912). However, it is not a bar to prosecution for offenses thereafter, as these are new violations of the law. *People v. Johansen*, 66 Cal.App. 343, 226 P. 634 (1924) (regarding conspiracy prosecution); *Savage v. District of Columbia*, 54 A.2d 562 (D.C.1947); *State v. Johnson, supra. See generally* 22 C.J.S. *Criminal Law* § 281 (1961). A contrary rule would, in effect, grant a license to continue the

---

2. Our holding would not bar repeated prosecutions for successive failures to obtain a permit

so long as the law were clear and explicit that such failures were separate offenses.

offense. The third citation issued in this case purports to charge Barlow's for a subsequent violation on January 19. Therefore even if the charges were for continuing offenses, this alone would not bar prosecution.

We are referred to *State v. Barter, supra,* where our Supreme Court found two complaints charging reckless driving north and south of the village of Carey and only south of Carey, respectively, to allege identical offenses. The case at bar is easily distinguished. Here, citations were issued for acts or omissions on separate occasions. Significantly, the ordinance specifies that each day's continuing violation is a separate offense. Where a violation constitutes a continuing offense, the legislature may define each day during which it continues as constituting a separate offense. *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *State v. Williams,* 211 Neb. 650, 319 N.W.2d 748 (1982); *Ostendorf v. State, supra.* The question is primarily one of legislative intent and authority. *See Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985) (construing the federal continuing criminal enterprise statute to permit prosecution following conviction for a predicate offense). *Compare Eureka Springs v. O'Neal,* 56 Ark. 350, 19 S.W. 969 (1892).

The City of Pocatello has clearly and unambiguously ordained that each day's violation of this ordinance is a separate offense. The city has appropriate and reasonable interests in doing so. The city has adopted minimum standards for electrical improvements. Each day that a possibly faulty electrical installation remains in place it presents a hazard to property and to the public in general. Compounding daily fines provide an incentive to the contractor or property owner to remove or correct the electrical installation as soon as possible.

■ Barlow's was not prosecuted for the same act. Rather, the last prosecution was for omitting to correct the former act. Therefore, additional evidence showing the continued presence of the installation would also be required. Although prosecution for an omission on January 19 may have required proof of a non-code installation by the contractor on an earlier date, we hold that each is a separate offense under this ordinance and that under I.C. § 19–3506 the former dismissals did not bar the latter action. *Compare Dapper v. Municipal Court, San Diego Judicial District,* 276 Cal.App.2d 816, 81 Cal.Rptr. 340 (1969), *cert. denied,* 399 U.S. 910, 90 S.Ct. 2200, 26 L.Ed.2d 562 (1970) (permitting repeated prosecutions until a nuisance is abated); *Abramowitz v. Byrne,* 185 Misc. 346, 57 N.Y.S.2d 45 (1945) (permitting successive prosecutions for housing-code violations). A contrary interpretation would yield a rule that one dismissal provides immunity to the offender to leave a possibly hazardous improvement in place. Cf. *Wilson v. Cooper,* 249 Ky. 132, 60 S.W.2d 359 (1933) (payment of a fine does not permit continued obstruction of a "passageway," with a fence).

In the alternative, Barlow's argues, and the district court held, this prosecution was prohibited by constitutional due process. Although the district court's reasoning sounds in equity, it was grounded upon due process, thus we need not decide whether the power to dismiss provided by I.C.R. 48 is available to the district court sitting as an appellate court.

■ Ordinarily a municipality will not be estopped from exercising its police power. *See Yellow Cab Taxi Service v. City of Twin Falls,* 68 Idaho 145, 190 P.2d 681 (1948). *See generally* 9 E. McQUILLAN, THE LAW OF MUNICIPAL CORPORATIONS § 27.56 (3d. ed. 1986 Revision). Barlow's contends that the prior dismissal led to the belief that the conduct was either excused or not in violation of the law. In certain circumstances reliance upon an official interpretation may be a defense. *See* W. LaFAVE and A. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 5.1(e)(3) (1986). Ordinarily even the act of issuing a permit, later found to be in violation of law or pursuant to factual mistake, will not prevent revocation by the municipality. 7 P. ROHAN, ZONING AND LAND USE CONTROLS § 48.04 (1985). Exceptions to this rule exist where large sums have been

expended in reliance and the city has acquiesced for a long period. *Id.* In rare cases, other circumstances may be such that the due process clause will work an estoppel to bar further prosecution of an ·offense.

 What process is due depends upon the particular situation. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Due process requires that a criminal statute provide fair warning of the conduct prohibited, so an individual's conduct may be conformed to the law. *State v. Curtis,* 106 Idaho 483, 680 P.2d 1383 (Ct.App.1984). The filing of a second criminal action after dismissing the first is not a *per se* violation of the federal due process clause, *United States v. Davis,* 487 F.2d 112 (5th Cir.1973), *cert. denied* 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974) (cited in *Stockwell v. State,* 98 Idaho 797, 573 P.2d 116 (1977), or of the due process clause of the Idaho Constitution. *Stockwell v. State, supra.*

Because this appeal is brought as a matter of law we are confronted with a record barren of the facts of the case. Thus, the record does not reveal the prosecutor's motivation in dismissing. Neither can we determine what transpired between the parties following the first dismissal. We do not know whether Barlow's relied to its detriment upon these official acts. Although other alternatives; such as civil action, may have been available, we cannot determine from the record that the prosecutor acted improperly.

> [T]he definition of offenses is for the legislative authority, and the determination of whether and when to prosecute for more than one growing out of the same transaction is a matter of policy for the prosecuting officer and not for the determination of the courts.

*District of Columbia v. Buckley,* 128 F.2d 17 (D.C.Cir.), *cert. denied,* 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529 (1942).

 It is the responsibility of the party asserting a particular position to bring before us the record in support of its theory. Absent more, we cannot say that the city's or the state's acts were so egregious as to violate due process. *Compare Sanchez v. United States,* 341 F.2d 225 (9th Cir.), *cert. denied,* 382 U.S. 856, 86 S.Ct. 109, 15 L.Ed.2d 94 (1965), (inferring good faith in prosecution tactics). Ordinarily due process requires notice and a fair trial. These were provided to Barlow's. Any theory that the prior dismissals negated constructive notice of the law may have been raised and argued as a defense at trial. The jury found Barlow's guilty as charged.

We hold that only the judgment relating to failure to obtain a permit should have been set aside. The verdict and judgment with respect to an installation not conforming to the National Electrical Code are reinstated.

BURNETT and SWANSTROM, JJ., concur.