759 P.2d 912

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Maximo Jesus HINOSTROZA,
Defendant–Appellant.**

**No. 16992.**

Court of Appeals of Idaho.

May 4, 1988.

Randy Stoker, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Peter C. Erbland, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Maximo Hinostroza stands convicted of vehicular manslaughter. He is serving a seven-year indeterminate sentence in the custody of the Board of Correction. On appeal he presents three issues: (1) whether the initial filing and dismissal of a felony DUI charge triggered a constitutional or statutory protection against being prosecuted for the vehicular manslaughter; (2) whether the evidence was inadequate, entitling Hinostroza to a judgment of acquittal on the vehicular manslaughter charge; and (3) whether the seven-year sentence was excessive. For reasons explained below, we affirm the judgment of conviction, including the sentence.

The underlying facts may be stated briefly. In the early morning hours of September 6, 1986, the Jerome County Sheriff's office received a report that a car had been seen travelling east in the westbound lanes of Interstate Highway 84. The car had forced another vehicle to swerve and roll, killing one occupant and seriously injuring another. The errant car did not stop at the scene of the rollover, but continued easterly on the wrong side of the freeway. A few miles past the scene of the rollover, a car matching descriptions given by witnesses, and travelling eastbound on the westbound lanes of the freeway, was stopped by a sheriff's deputy. The driver was Hinostroza.

The deputy determined that Hinostroza was intoxicated. Unaware of the death and injury produced by the rollover, the deputy prepared a complaint simply charging Hinostroza with DUI. The crime was set forth as a felony because Hinostroza had a record of previous misdemeanor DUIs. *See* I.C. § 18–8005(3). However, the county prosecutor subsequently obtained a voluntary dismissal of the felony DUI charge and filed two new felony charges. For the rollover death he charged vehicular manslaughter under I.C. § 18–4006(3), and for the rollover injury he charged aggravated DUI under I.C. § 18–8006.

At trial, a jury found Hinostroza guilty of the vehicular manslaughter. However, for reasons not germane to this appeal, the jury failed to find him guilty of aggravated DUI; instead, it convicted him of misdemeanor DUI, an included offense. Hinostroza then moved for a judgment of acquittal on all counts. Ruling that the DUI conviction was "merged" into the conviction for vehicular manslaughter, the trial judge acquitted Hinostroza on the DUI. The correctness of that ruling is not at issue in this appeal. The judge denied the motion to acquit on the vehicular manslaughter count. Judgment was entered and the seven-year indeterminate sentence was imposed. This appeal followed.

## I

Hinostroza first urges that his conviction for vehicular manslaughter was obtained in violation of constitutional and statutory prohibitions against double jeopardy. Specifically, he asserts that due to the voluntary dismissal of the initial DUI charge, the constitutional protection against double jeopardy was triggered, barring the state from prosecuting the greater offense of vehicular manslaughter. Alternatively, Hinostroza claims that when the state dismissed the DUI charge it was barred by I.C. § 19–3506 from prosecuting the vehicular manslaughter.[1] We disagree with both contentions.

The Fifth Amendment guarantee against double jeopardy, as applied to the states through the Fourteenth Amendment, does not attach in a jury case until the jury is impaneled and sworn. Dismissal of a charge, and subsequent refiling of a different charge, before trial, does not trigger the constitutional prohibition against double jeopardy. Hinostroza's statutory argument is also flawed. Idaho Code § 19–3506, by its express terms, bars subsequent prosecution only if the charge dismissed is a misdemeanor. It does not prevent the state from further prosecuting a defendant where, as in this case, the charge dismissed is a felony. *See State v. Barlow's, Inc.*, 111 Idaho 958, 729 P.2d 433 (Ct.App.1986).

## II

Hinostroza next contends that the trial judge erred in denying his motion for acquittal on the vehicular manslaughter charge.[2] He argues that there was insufficient evidence linking him to the fatal accident. Again, we disagree.

The standard governing review of the sufficiency of the evidence, for the purpose of determining whether a motion for judgment of acquittal should have been granted, is the same as the standard for examining the sufficiency of evidence to support a judgment of conviction. *State v. Elisondo*, 103 Idaho 69, 644 P.2d 992 (Ct. App.1982). As this Court repeatedly has stated in the latter context:

> Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980). "[W]e are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell*, 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct.App.1983). Furthermore, we view the evidence in the light most favorable to the respondent. *State v. Fenley*, 103 Idaho 199, 203, 646 P.2d 441, 445 (Ct.App.1982).

*State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985).

We have reviewed the evidence under this standard. As noted above, the state's evidence shows that Hinostroza was driving in the wrong direction on the freeway. His car was stopped a few miles past, and a few minutes after, the fatal rollover. The accident had been caused by a car travelling on the wrong side of the road. Several witnesses at the scene of the rollover gave descriptions generally matching Hinostroza's car. Moreover, one man followed Hinostroza for several miles in an effort to get him to cross over to the correct side of the highway.

After Hinostroza was arrested, an intoximeter test revealed that his blood-alcohol content was between .18 percent and .20

---

1. The statute provides that: "An order for the dismissal of the action ... is a bar to any other prosecution for the same offense, *if it is a misdemeanor; but it is not a bar if the offense is a felony.*" (Emphasis added).

2. Rule 29(c), I.C.R., allows a defendant to move for a judgment of acquittal due to insufficient evidence within fourteen days after the jury is discharged. The motion in this case was timely made.

percent. Hinostroza himself admitted driving while intoxicated and on the wrong side of the freeway. He simply denied any knowledge of the accident and insisted that he could not have caused such a mishap. Suffice it to say that we find the argument unpersuasive. There is abundant evidence linking Hinostroza to the fatal accident. Accordingly, we hold that the trial judge did not err in denying the motion for judgment of acquittal.

### III

Hinostroza's final challenge is to the length of his sentence. Seven years is the maximum term prescribed by the Legislature for vehicular manslaughter. *See* I.C. § 18–4007(3). Hinostroza contends that his seven-year, indeterminate sentence is unduly harsh under all of the circumstances.

Our standards for sentence review are well settled and need not be repeated at length. *See State .v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We presume, for the purpose of appellate review, that Hinostroza will serve at least twenty-eight months in confinement under his sentence. *Id.* The question is whether such a period of confinement is reasonable.

Our review focuses upon the nature of the offense and on the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Vehicular manslaughter is a serious offense. Hinostroza chose to drink and then to drive. He directly caused the death of another human being. As we have mentioned, this was not Hinostroza's first alcohol-related offense. The presentence investigation disclosed three prior misdemeanor DUI convictions. Clearly, Hinostroza demonstrated that he posed a serious threat to the public.

On the other hand, the presentence investigation report stated that Hinostroza was part of a stable family and that he was a dependable worker. Nonetheless, the report concluded that Hinostroza's difficulties with alcohol threatened these areas of his life as well. A psychologist who interviewed Hinostroza classified him as a problem drinker.

The trial judge noted the seriousness of the offense as well as the fact that the crime was a "symptom of an illness." He also remarked that Hinostroza had received ample notice of the potential consequences of his alcohol problems, through his past difficulties with the law. Yet he had made no effort to undergo treatment. The judge concluded that a substantial prison sentence was appropriate to protect society and to dissuade Hinostroza from similar conduct in the future. The judge also acknowledged Hinostroza's potential for rehabilitation. Faced with a choice between indeterminate and fixed sentences, he chose the former. He thereby created a possibility of parole if Hinostroza's rehabilitative progress was satisfactory.

We think the reasons given by the district judge for the sentence he imposed were sound. Confinement for at least twenty-eight months is certainly not an excessive safeguard for society against the manifest danger caused by Hinostroza's proclivity to drink and drive. We find no abuse of sentencing discretion. Accordingly, the judgment imposing the sentence is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.