973 P.2d 764

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Damon Anthony HOGAN, Defendant–Appellant.**

No. 24565.

Court of Appeals of Idaho.

Feb. 8, 1999.

---

Gordon Law Offices, Boise, for appellant. Doreen C. Guenther argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Chief Judge.

Damon Anthony Hogan appeals from the district court's appellate decision reversing the magistrate's dismissal of a criminal complaint. Hogan contends that the magistrate did not err when it held a second probable cause hearing, determined that probable cause did not exist to arrest Hogan for obstructing and delaying an officer, I.C. § 18–705, and dismissed Hogan's case.

1. The record on appeal does not include the initial finding of probable cause by the first mag-

## I.

## FACTS AND PROCEDURE

Hogan was visiting friends in Boise when a car in which he was a passenger was pulled over by a Boise City police officer. The officer requested and received identification from the driver, Hogan and the backseat passenger, and also received identification from Hogan indicating that he was a Los Angeles police officer. After speaking with the driver, the officer suspected the driver was under the influence.

The officer administered a gaze nystagmus test, but was unable to conclude definitively whether the driver was under the influence. Therefore, the officer called for a Safety Traffic Enforcement Program (STEP) officer, who is specially trained in the detection and investigation of driving under the influence cases. As the STEP officer arrived at the scene, Hogan opened his door of the stopped vehicle and approached the first officer, who was next to his patrol car, about ten to fifteen feet behind the vehicle Hogan exited. Hogan's actions were interpreted as aggressive, and the officer commanded Hogan to return to the vehicle or be arrested. Hogan refused to return, turned his back to the officer, placed his hands behind his back and indicated that the officer was going to have to arrest him.

Hogan was arrested and charged with obstructing and delaying a police officer. A magistrate made an initial finding of probable cause based on the officer's sworn statement and determined that Hogan could be ordered into custody or required to post bond.[1] Hogan filed a motion requesting the magistrate court to either dismiss the complaint or suppress the evidence obtained after Hogan's allegedly illegal seizure. A magistrate different from the one that made the original probable cause determination held an evidentiary hearing and, finding both that the evidence should be suppressed because Hogan was illegally seized when the officer kept Hogan's identification and also that the officer lacked probable cause to arrest Hogan

istrate. However, at oral argument, the parties agreed that an initial finding had been made.

for obstructing and delaying an officer, dismissed Hogan's case.

The state appealed to the district court, arguing that the second magistrate was without authority to make a subsequent probable cause determination. The district court agreed. The district court also determined that the evidence should not have been suppressed. The district court opined that the magistrate erred when it dismissed the complaint because the magistrate did not have the authority to make a finding of lack of probable cause and dismiss the case and because there was probable cause to support the charges of delaying and obstructing an officer. The district court then reversed the magistrate's dismissal.

Hogan appealed. Hogan does not challenge the district court's determination that the evidence should not be suppressed, but contends on appeal that the district court erred when it determined that the case could not be dismissed by a second magistrate for lack of probable cause.

## II.

## DISCUSSION

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bitt,* 118 Idaho 584, 585 n. 1, 798 P.2d 43, 44 n. 1 (1990); *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct. App.1993). In this case, we must decide whether the magistrate erred when it held a contested probable cause hearing on Hogan's misdemeanor offense, found that there was no probable cause and dismissed the case, after another magistrate had already found that probable cause existed. The issue raised by Hogan does not involve disputed questions of fact but, rather, turns on the proper identification and application of the law. Accordingly, we exercise free review. *See State v. Van Sickle,* 120 Idaho 99, 101, 813 P.2d 910, 912 (Ct.App.1991).

Obstructing and delaying an officer is a misdemeanor offense. Misdemeanor Criminal Rule 1 provides that the Idaho Criminal Rules shall apply to the processing of misdemeanor complaints whenever those rules do not conflict with the Misdemeanor Criminal Rules. Additionally, M.C.R. 3(c) reads:

**Determination of probable cause.** In the event a defendant is arrested without a warrant, or appears pursuant to a summons, or in the event application is made for the issuance of a warrant pursuant to a uniform citation or sworn complaint, the determination of whether there is probable cause that an offense has been committed and probable cause that the defendant committed it shall be made at the time and in the manner prescribed by Rules 4 and 5 of the Idaho Criminal Rules.

Therefore, we apply I.C.R. 4 and 5 to determine whether a magistrate has the authority to conduct a contested probable cause hearing for a misdemeanor defendant after one probable cause determination has already been made.

The initial probable cause determination is made in order to determine whether the defendant should be released on his or her own recognizance or whether the defendant can be detained and required to post bond pursuant to I.C.R. 4(d), which states, in part:

**Determination of probable cause after arrest without warrant, or upon appearance or failure to appear by a defendant pursuant to a summons.** If a defendant is arrested without a warrant or appears before the court pursuant to a summons, the magistrate before whom the defendant first appears shall not order the defendant retained or ordered into custody nor require the defendant to post bond unless the magistrate shall determine there is such probable cause.... The defendant must be released upon the defendant's own recognizance unless and until such determination of probable cause has been made by a magistrate or unless immediate disposition of the complaint has been made; but the complaint shall not be dismissed pending such determination or disposition.

The probable cause proceeding afforded to a misdemeanor defendant is outlined in I.C.R. 4(e), which states:

**Hearing to determine probable cause.** The probable cause hearing is an informal nonadversary proceeding. The finding of probable cause shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing that there is a factual basis for the information furnished. It shall not be necessary for the defendant to be present at such hearing or to have the right to confrontation and cross-examination of witnesses, nor shall it be necessary to permit the defendant to have or to provide the defendant with counsel. Before making the determination of whether there is such probable cause, the magistrate may require any person, other than the defendant, who appears likely to have knowledge relevant to the offense charged to appear personally and give testimony under oath. The facts which the magistrate considers in determining probable cause shall be placed either in affidavit form and attached to the complaint or shall be testimony under oath placed upon the record. In making the determination of probable cause, the magistrate shall consider all facts as to whether an offense has been committed and whether the defendant has committed it.

These rules do not provide for a contested probable cause hearing for a misdemeanor defendant and do not provide the magistrate with the discretion to hold a second probable cause hearing after one determination of probable cause has already been made by another magistrate.

█ Hogan's argument is essentially an invitation to elevate misdemeanor crimes to the same status as felonies for the purposes of probable cause determinations. This we decline to do. The Supreme Court promulgates the rules for the efficient disposition of criminal cases and there is no rule of criminal procedure permitting a misdemeanor defendant a second probable cause hearing. Contrarily, I.C.R. 5.1(a) provides that a defendant charged with a felony is entitled to a preliminary hearing. If probable cause is not found, the magistrate is required to dismiss the complaint and discharge the defendant. I.C.R. 5.1(c). The criminal rules specifically address this situation and entitle a felony defendant the right to a contested probable cause (preliminary) hearing, but provide no such right to a misdemeanor defendant.[2] Therefore, we are constrained under the rules to hold that a misdemeanor defendant is not permitted a second contested probable cause hearing after an initial finding of probable cause has already been made by a magistrate. Thus, the magistrate in this case erred when it conducted a second probable cause hearing and then dismissed the charges against Hogan.

## III.

## CONCLUSION

We conclude that the Misdemeanor Criminal Rules and the Idaho Criminal Rules do not authorize a magistrate to conduct a contested probable cause hearing in a misdemeanor case after an initial finding of probable cause has already been made. Therefore, the magistrate erred when it provided a second probable cause hearing, found a lack of probable cause and dismissed Hogan's case. We affirm the order of the district court reversing the magistrate's dismissal of the charges.

Judge LANSING and Judge SCHWARTZMAN, concur.

---

2. The proceeding in this case amounts to a *de facto* preliminary hearing. Unlike a felony preliminary hearing, however, a dismissal of the misdemeanor would bar a subsequent prosecution (refiling) of the underlying offense, whereas a felony complaint, dismissed at the preliminary hearing stage, can be refiled. I.C. § 19–3506; *State v. Hinostroza*, 114 Idaho 621, 623, 759 P.2d 912, 914 (Ct.App.1988).