**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44484**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 40** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  July 26, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **THOMAS CRUZ COLVIN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. David C. Nye, District Judge.

Order denying motion to dismiss, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Thomas Cruz Colvin appeals from the district court's order denying his motion to dismiss.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Colvin was issued a citation for misdemeanor domestic battery, Idaho Code § 18-918(3)(b).  The police report noted the victim, his girlfriend at the time, had blood on her clothes, face, and arms, and her eye was swollen shut.  The State filed a motion to dismiss the misdemeanor charge, which was granted.  The State subsequently filed a new complaint charging Colvin with felony domestic battery, I.C. § 18-918(2)(a), alleging he inflicted traumatic injury upon the victim.

Colvin moved to dismiss the felony charge, asserting it was barred by I.C. § 19-3506 because it was for the same offense as the previously dismissed charge. The State argued that felony and misdemeanor domestic violence charges are not the same offense and that I.C. § 19-3506 only bars the State from filing repeat misdemeanors, as opposed to felonies, arising from the same events. The district court concluded the charges for misdemeanor and felony domestic battery are the same offense when applying the test as set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), but denied Colvin's motion to dismiss based on its holding that I.C. § 19-3506 only bars prosecution for the same offense if the subsequent charge is a misdemeanor.

Colvin entered a conditional guilty plea, in which he reserved his right to appeal the denial of his motion to dismiss. The district court imposed a withheld judgment for a probation term of four years. Colvin timely appeals.

## II.

## ANALYSIS

The statute at issue in this case is I.C. § 19-3506, which states: "An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if *it* is a misdemeanor; but it is not a bar if the offense is a felony." I.C. § 19-3506 (emphasis added). The first issue is whether the misdemeanor domestic battery charge is for the same offense as the subsequent felony domestic battery charge for the purpose of applying I.C. § 19-3506. Colvin argues both charges are the same offense while the State asserts they are not. The second issue is whether "it" (italicized above) refers to the action that was dismissed or the newly filed action. In order for Colvin's subsequent charge for felony domestic battery to be barred pursuant to the statute, he must show that the charges were for the same offense and that this Court must conclude on the second issue that the statute bars subsequent felony charges when the original charge is a misdemeanor.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to

resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

The first issue is whether the misdemeanor domestic battery charge is for the "same offense" as the subsequent felony domestic battery charge. Colvin asserts the applicable analysis to determine whether the offenses are the same is the double jeopardy test set forth in *Blockburger*, 284 U.S. 299. The relevant difference between the two charges is the additional element of traumatic injury, which elevates the crime to a felony. Because misdemeanor domestic battery does not require any element that felony domestic battery does not, it is considered a lesser included offense under the *Blockburger* test and therefore, Colvin would have been tried for the same offense. The State asserts the outcome under this test is irrelevant because I.C. § 19-3506 is not a double jeopardy question since no plea had been entered or jury empaneled. The State also argues that Colvin's citations to *State v. Barter*, 80 Idaho 552, 335 P.2d 887 (1959), and *State v. Barlow's*, *Inc.*, 111 Idaho 958, 729 P.2d 433 (Ct. App. 1986), supporting the definition of the same offense are misplaced since neither definitively states what test should be applied. *Barlow's* discusses both the "same evidence" test, which focuses on whether the same evidence is required to support a conviction for each offense, and the "same transaction" test, which focuses upon the behavior of the defendant that led to the prosecution. *Barlow's*, 111 Idaho at 960-61, 729 P.2d at 435-36. The State does not explicitly set forth which test should be applied, only that it could not bar charging a higher offense based on the same acts, which is in line with the Idaho Supreme Court's holding in *State v. McKeehan*, 49 Idaho 531, 289 P. 993 (1930), which is discussed in more detail below. Regardless of which test is applied, it appears that the conclusion is the charges are for the same offense given that the same evidence would be required for each, the same behavior led to Colvin's prosecution for each, and the original charge is a lesser included offense of the second under the double jeopardy test.

3

However, even if we determine that Colvin was charged for the same offense, I.C. § 19-3506 will only act as a bar based on the outcome of the second issue.

The parties differ on the second issue of whether "it" as mentioned in the clause "if it is a misdemeanor" in I.C. § 19-3506, references the dismissed charge or the newly filed charge. The State argues "it" references the newly filed charge, thus the new charge would not be barred pursuant to the statute in this case since the newly filed charge is a felony. Conversely, Colvin asserts "it" references the dismissed charge, thus providing a bar since the dismissed charge was for a misdemeanor. Because an ambiguity exists, this Court must engage in statutory construction; however, the statute was enacted in 1864 and legislative history is scarce, thereby making it difficult to ascertain its intent. Therefore, we must provide a reasonable interpretation to determine the outcome in this case by examining the statute's words and their context, public policy, and the limited case law that addresses its application.

To support its position that the outcome is based on the classification of the newly filed charge, the State examines the Idaho Supreme Court's interpretation of this statute (then codified as C.S. § 9181) in *McKeehan*, 49 Idaho at 534, 289 P. at 994. In that case, the petitioner was initially charged with the unlawful sale of two pints of moonshine, an indictable misdemeanor. *Id.* at 533, 289 P. at 994. Thereafter, a complaint was filed charging him with unlawful possession of intoxicating liquor, based on the same two pints, a simple misdemeanor. Prior to trial, the prosecutor moved to dismiss the new charge which was granted; thereafter, McKeehan made a plea for acquittal based on the fact that the same two pints of moonshine were the basis for both charges. The lower court instructed the jury that the dismissed charge was a lesser offense than the charge for which McKeehan was on trial, and if the dismissed offense was a lesser offense than that for which McKeehan was on trial, the charge would not be barred pursuant to the statute. The jury found McKeehan guilty and he appealed, asserting his plea for acquittal should have been upheld. *Id.* The Idaho Supreme Court held that McKeehan's rights were not violated and provided the following reasoning:

> The statute provides dismissal is a bar to another prosecution for the same offense. Nothing more. As we view the law, such a dismissal does not amount to an acquittal of defendant of the acts complained of. *It is therefore not a bar to the prosecution of a higher offense, which may necessarily include the acts complained of as a basis of the action dismissed*, because it does not amount to an acquittal, or even former jeopardy.

*Id.* (Emphasis added.)

4

This holding is consistent with *Stockwell v. State*, 98 Idaho 797, 573 P.2d 116 (1977). In that case, in order to circumvent a ruling reducing the charge from second degree murder to voluntary manslaughter, the prosecutor moved to dismiss the original charge and subsequently filed a new complaint charging Stockwell with second degree murder. *Id*. at 800, 573 P.2d at 119. The Idaho Supreme Court held that Stockwell's rights were not violated by the second filing because I.C. § 19-3506 "specifically provides that the first dismissal is not a bar to second prosecution if the offense involved is a felony." *Stockwell*, 98 Idaho at 803, 573 P.2d at 122. Therefore, these two cases support the conclusion that "it" refers to the newly filed charge. Also supportive of this conclusion is this Court's holding that "following an order of dismissal, I.C. § 19-3506 bars any subsequent misdemeanor prosecution for the *same offense*." *Barlow's*, 111 Idaho at 960, 729 P.2d at 435 (emphasis added).

On the other hand, Colvin argues the application of I.C. § 19-3506 is based on the classification of the original dismissed charge. He cites several cases for support. In *Barter*, the Idaho Supreme Court held that a second charge for reckless driving was barred after a previous charge for reckless driving had been dismissed. *Barter*, 80 Idaho at 556, 335 P.2d at 890. Specifically, Colvin relies on the following statement: "The offense of reckless driving is a misdemeanor and the dismissal of the action . . . would be a bar to any other prosecution for the same offense." *Id.* The Court reasoned that the two complaints were for the identical offense of misdemeanor reckless driving; the only difference being the location for the offense charged. The first charge was for reckless driving in both north and south of Carey and the second charge was for reckless driving solely south of Carey. *Barter*, 80 Idaho at 556, 335 P.2d at 890. In its opinion, the Court cited to *McKeehan*, 49 Idaho at 531, 289 P. at 993, and its reasoning supports the conclusion that the Court took into consideration the fact that both the dismissed and new charges were misdemeanors. Thus, a misdemeanor cannot subsequently be charged after a misdemeanor has been dismissed.

Colvin also cites *State v. Hinostroza*, 114 Idaho 621, 759 P.2d 912 (Ct. App. 1988), for its holding that, "Idaho Code § 19-3506, by its express terms, bars subsequent prosecution only if the charge dismissed is a misdemeanor. It does not prevent the state from further prosecuting a defendant where, as in this case, the charge dismissed is a felony." *Hinostroza*, 114 Idaho at 623, 759 P.2d at 914. While it appears the Court is making a bright line rule that the application of I.C. § 19-3506 is determined solely by the classification of the dismissed charge, thereby "it"

5

would reference the dismissed charge, one must consider the fact that in that case both the dismissed charge and the newly filed charges were felonies. *Hinostroza*, 114 Idaho at 623, 759 P.3d at 914. Taking that fact into consideration when reading the rule, *Hinostroza* holds that a felony can subsequently be charged after a felony has been dismissed, while *Barter* holds that a misdemeanor cannot follow a misdemeanor. This is echoed in *State v. Hogan*, 132 Idaho 412, 973 P.2d 764 (Ct. App. 1999), which held: "a dismissal of the misdemeanor would bar a subsequent prosecution (refiling) of the underlying offense, whereas a felony complaint, dismissed at the preliminary hearing stage, can be refiled." *Id.* at 415 n.2, 973 P.2d at 767 n.2 (citations omitted). However, neither *Barter* nor *Hinostroza* deal with the situation here where the dismissed charge and the new charge are not both misdemeanors, nor are they both felonies.

Although there are no cases directly on point, based upon the plain language of the statute, we read the application of I.C. § 19-3506 to be dependent on the classification of the newly filed charge as opposed to the original dismissed charge. Therefore, pursuant to the rule, the newly filed charge is barred if the newly filed charge is a misdemeanor. Accordingly, a misdemeanor cannot follow a dismissed misdemeanor, a subsequent felony may follow a dismissed felony, and a subsequent felony may follow a dismissed misdemeanor. This is in line with the outcome of the above cases. Applying this rule to the facts of the case, the subsequent felony domestic battery charge against Colvin is not barred and the district court did not err in denying his motion to dismiss.

## III.

## CONCLUSION

Idaho Code § 19-3506 does not bar the subsequent charge against Colvin for felony domestic battery. Therefore, the district court's order denying his motion to dismiss is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.